CAROL LYNN (PALUMBO) KUEBLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuebler v. Commissioner
Docket No. 4695-78.
United States Tax Court
T.C. Memo 1979-95; 1979 Tax Ct. Memo LEXIS 432; 38 T.C.M. (CCH) 454; T.C.M. (RIA) 79095; March 19, 1979, Filed Carol Lynn (Palumbo) Kuebler, pro se. Robert B. Marino, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed June 30, 1978, pursuant to Rule 53, Tax Court Rules of Practice and Procedure. Respondent, who determined a $283 deficiency in petitioner's 1973 Federal income tax, contends that the petition herein was not filed within the period prescribed in section 6213(a). [1]
*433 Petitioner was a resident of Clifton, New Jersey, when she filed her petition herein. She resided in Bayside, New York, when she filed her 1973 Federal income tax return reflecting that address. In 1974, petitioner moved from New York to Clifton, New Jersey. She filed her 1974 Federal income tax return in March of 1975 reflecting the New Jersey address. On March 26, 1976, respondent mailed a statutory notice of deficiency for 1973 by certified mail to petitioner at her Bayside, New York, address -- the address reflected on her 1973 return. The deficiency notice was returned undelivered. On October 18, 1976, after the expiration of the 90-day period prescribed in section 6213(a), respondent sent a bill to petitioner at her Clifton, New Jersey, address. On May 3, 1978, 768 days after the mailing of the notice of deficiency, petitioner filed her petition with this Court. Section 6213(a) provides that a taxpayer in the United States may file a petition with the Tax Court for a redetermination of a deficiency within 90 days after the mailing of a deficiency to such taxpayer at her last known address. See also sec. 6212(b)(1). The taxpayer's last known address is the last *434 known permanent address or legal residence of the taxpayer or the last known temporary address of a definite duration or period to which all communication during the period should be sent. Budlong v. Commissioner,58 T.C. 850, 852 (1972). A taxpayer contending that a deficiency notice has been mailed to her at the wrong address, has the burden of proof to show that she furnished respondent with a clear and concise notification concerning a definite change of address. Budlong v. Commissioner,supra;Rule 142(a), Tax Court Rules of Practice and Procedure. Until such notification, respondent is entitled to rely on the address shown on the taxpayer's return. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974). Petitioner contends that the filing of her 1974 return in 1975 reflecting her New Jersey address was notice to respondent of a change of her New York address. She maintains this notice was obviously adequate since her tax bill in October 1976 was mailed to her correct New Jersey address. We have held on prior occasions that the mere filing of a tax return for a subsequent taxable year prior to the issuance *435 of a statutory notice of deficiency with respect to an earlier year is not sufficient to notify respondent of a change of address. Budlong v. Commissioner,supra;Seppe v. Commissioner,T.C. Memo. 1975-89. The fact that respondent's collection division obtained petitioner's current address in New Jersey does not mean that his audit division is charged with the same knowledge. Respondent indicated the audit file on the 1973 return reflected no other address than in New York. Moreover, he did not know how the collection divisi division obtained the New Jersey address unless it was through an investigation. Accordingly, on the basis of the record before us, we hold that the filing of petitioner's 1974 return did not properly notify respondent of petitioner's change of address. Absent some clear and concise statement furnished respondent, other than the mere filing of a subsequent return, respondent was entitled to rely on the address reflected on petitioner's 1973 return for purposes of mailing a notice of deficiency for 1973. As a result, respondent's motion is granted, and An appropriate order will be issued. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩