Robert F. McPARTLIN and Geraldine McPartlin, Petitioners,

v.

COMMISSIONER OF the INTERNAL REVENUE SERVICE, Respondent.

No. 80–2135.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1981.

Decided July 17, 1981.

---

William J. Harte, Chicago, Ill., for petitioners.

Gilbert S. Rothenberg, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent.

Before WOOD and CUDAHY, Circuit Judges, and MAROVITZ, Senior District Judge.*

MAROVITZ, Senior District Judge.

Petitioners Robert F. McPartlin and his wife Geraldine McPartlin appeal an order of the United States Tax Court dismissing their petition for a redetermination of a tax deficiency. The tax deficiency was determined by respondent Commissioner of the Internal Revenue Service (the "Commissioner") with respect to petitioners' 1971 tax return. On April 13, 1978, the Commissioner mailed a statutory notice of deficiency to the address appearing on petitioners'

---

* The Honorable Abraham L. Marovitz, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1971 return. Petitioners, who had moved since the filing of their 1971 return, did not receive any notice that the Commissioner claimed a tax deficiency for their 1971 income until early February 1979 and did not actually receive a copy of the notice of deficiency until April 23, 1979. The principal issue presented to this Court is whether the Commissioner's April 13, 1978 mailing of the statutory notice of deficiency was sent to petitioners' "last known address" so as to, *inter alia*, trigger the commencement of the jurisdictional 90 day period for filing with the Tax Court a petition for redetermination of the deficiency.[1] The Tax Court ruled that the Commissioner had sent the notice of deficiency to petitioners' "last known address" and therefore that petitioners' April 23, 1979 filing of a petition for redetermination was untimely. We reverse.

## I.

Petitioners filed their 1971 tax return jointly, listing their address as 1104 North Lockwood Avenue, Chicago, Illinois. In 1974, the Commissioner, through his Chicago District Office, commenced an investigation into possible civil tax liabilities of petitioners. During the pendency of the civil investigation, Mr. McPartlin was also a subject of a criminal investigation involving, *inter alia*, petitioners' 1971 tax return. The agent of the Commissioner in charge of that criminal investigation until July 1979 was Agent James Swanson.[2]

In October 1976, petitioners moved from their Lockwood Avenue address to 3440 North Oleander Street in Chicago, Illinois. When they moved, petitioners filed a change of address form with their local office of the United States Postal Service, which for the next year forwarded to petitioners' Oleander Street address all mail addressed to the former Lockwood Avenue address. In 1976, petitioners filed with the Commissioner's Kansas City, Missouri Service Center[3] two documents bearing their Oleander address: (1) a request for an extension of time to file their 1976 return; and (2) their 1976 tax return itself. Schedule D of their 1976 return indicates that petitioners had sold their home at the Lockwood Avenue address and purchased a new one at the Oleander Street address. On November 15, 1977, the Kansas City Service Center mailed to petitioners at their Oleander Street address a "Request for Verification of Unreported Income" concerning petitioners' 1975 return, a return that bore petitioners' former Lockwood Avenue address.

In testimony given before the Tax Court, Agent Swanson stated that either during or immediately preceding Mr. McPartlin's late 1977 criminal trial, he was apprised that petitioners had moved from their Lockwood Avenue address. Apparently, however, that knowledge was never communicated to the agents of the Commissioner assigned to investigate petitioners' possible civil tax liabilities.

As a result of the Commissioner's civil investigation, a tax deficiency of $26,211.13 was determined with respect to petitioners' 1971 income. An additional liability of 50 percent of the determined tax deficiency, $13,105.56, was determined to be due from Mr. McPartlin because of the Commissioner's finding that Mr. McPartlin's alleged failure to report the $26,211.13 in 1971 income was fraudulent. On April 13, 1978, the Commissioner sent to petitioners' Lockwood Avenue address by certified mail a notice of deficiency for their 1971 income, claiming a total liability of $26,211.13 as to

---

1. Petitioners make a due process challenge to the Internal Revenue Code's notice of deficiency provision, 26 U.S.C. § 6212. In view of our holding today, we need not reach that constitutional question. *But see Lewin v. Commissioner,* 569 F.2d 444 (7th Cir.), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3090, 57 L.Ed.2d 1134 (1978).

2. Mr. McPartlin was ultimately indicted on tax charges concerning his 1971 income as well as other related criminal charges. The tax charges were dismissed before trial. *United States v. McPartlin,* 595 F.2d 1321 (7th Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979).

3. Tax returns of Chicago area taxpayers are received and processed by the Kansas City Service Center.

Mrs. McPartlin and $39,316.69 as to Mr. McPartlin. Petitioners never received the notice mailed April 13, 1978, nor does the Commissioner's file on petitioners contain a return receipt for the notice.

Petitioners' first notice of an alleged tax deficiency was received in early February 1979 by way of a letter and "Notice of Federal Tax Lien" sent by the Commissioner to Mrs. McPartlin at petitioners' Oleander Street address.[4] The notice of deficiency itself was not received by petitioners until their counsel was able to obtain a copy at the Commissioner's Chicago offices on April 23, 1979. On that same date, petitioners mailed to the Tax Court a petition for a redetermination of the deficiency. The petition was received by the Tax Court on April 25, 1979.

The Commissioner moved to dismiss the petition for lack of jurisdiction because it was not timely filed. Petitioners moved for judgment before the Tax Court on the ground that no assessment of taxes for 1971 could be made against them because no notice of deficiency had been properly sent to them within the period of the statute of limitations. After a hearing, the Tax Court granted the Commissioner's motion and denied the petitioners' motion.

## II.

The Commissioner is authorized by 26 U.S.C. § 6212(a) to send a notice of deficiency to a taxpayer by certified or registered mail. Subsection (b) of section 6212 provides that notice "mailed to the taxpayer at his last known address, shall be sufficient." [5] Although section 6212(a)'s language with respect to the giving of notice is precatory, the Commissioner may not assess a tax deficiency until he has given the taxpayer notice thereof. 26 U.S.C. § 6213(c). Taxpayers residing within the United States may within 90 days of mailing of a notice of deficiency petition the Tax Court for a redetermination of the tax deficiency. 26 U.S.C. § 6213. Filing within the 90 day period is a jurisdictional prerequisite to the Tax Court hearing a petition for a redetermination. *Stebbins' Estate v. Helvering*, 121 F.2d 892, 893–94 (D.C.Cir. 1941). During the 90 day period, the Commissioner may not assess the claimed tax deficiency. 26 U.S.C. § 6213.[6] Further,

---

**4.** The "Notice of Federal Tax Lien" erroneously claims Mrs. McPartlin's total tax liability to be $37,259.84.

**5.** 26 U.S.C. § 6212 provides in pertinent part as follows:

§ 6212. Notice of deficiency.

(a) In general. If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B of chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency.

(1) Income and gift taxes and certain excise taxes. In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, or chapter 45, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, chapter 45, and this chapter even if such taxpayer is deceased, or is under a legal disability or, in the case of a corporation has terminated its existence.

(2) Joint income tax return.

In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

**6.** § 6213 Restrictions applicable to deficiencies; petition to Tax Court.

(a) Time for filing petition and restriction on assessment. Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, 44 or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice

during that period any applicable statute of limitation is tolled. 26 U.S.C. § 6503(a)(1). Once a tax deficiency is assessed, the taxpayer must pay the deficiency and resort to a suit for a refund if he disputes the Commissioner's determination. 26 U.S.C. §§ 7421–22. Hence, the mailing of a notice of deficiency pursuant to section 6212 serves several purposes. Principally, of course, it is to afford the taxpayer notice of any tax deficiency determined by the Commissioner; however, it also serves to otherwise help define the rights of the taxpayer and the power of the Commissioner concerning collection of a deficiency.

 As stated, the principal issue in the instant case is whether the Commissioner's April 13, 1978 mailing of the notice of deficiency was sent to petitioners' "last known address" within the meaning of 26 U.S.C. § 6212(b). That phrase is defined by neither the International Revenue Code nor the regulations promulgated thereunder by the Commissioner. Certain principles, however, have evolved from the substantial body of case law interpreting section 6212(b). In *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd mem.*, 538 F.2d 334 (9th Cir. 1976), the Tax Court defined "last known address" as "the taxpayer's last permanent address of a definite duration to which the taxpayer has directed the Commissioner to send all communications." As a general proposition, the Commissioner is entitled to treat the address of the taxpayer appearing on the return being audited as the taxpayer's "last known address" absent "clear and concise notification from the taxpayer directing the Commissioner to use a different address."

*Id.* The Commissioner must, however, exercise reasonable diligence to ascertain a taxpayer's "last known address." *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968); *O'Brien v. Commissioner*, 62 T.C. 543, 550 (1974); *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. at 374. Whether the Commissioner has properly discharged his obligation to reasonably ascertain a taxpayer's "last known address" is a question to be resolved upon the facts and circumstances of each case.[7] *O'Brien v. Commissioner*, 62 T.C. at 550; *Lifter v. Commissioner*, 59 T.C. 818, 821 (1973). Being a factual question, the Tax Court's resolution thereof will only be reversed if clearly erroneous. *Johnson v. Commissioner*, 611 F.2d 1015, 1019 (5th Cir. 1980).

### III.

 The particular factual circumstances that, when considered together, cause us to reverse the Tax Court's finding in the instant case include: (1) in 1976, petitioners mailed two documents to the Kansas City Service Center that bore their Oleander Street address; (2) in November 1977, the Kansas City Service Center communicated by mail with petitioners at their Oleander Street address; (3) Agent Swanson of the Commissioner's Chicago offices was aware in 1977 of petitioners' Oleander Street address; (4) petitioners did nothing to conceal their Oleander Street address from the Commissioner; (5) the Commissioner's file on petitioners does not contain a return receipt for the notice of deficiency; and (6) the Commissioner's Chicago offices in early 1979 sent to Mrs. McPartlin a "Notice of

has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

\* \* \* \* \* \*

(c) Failure to file petition. If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a),

the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

7. The decisions resolving this question may not be easily harmonized. Indeed, cases with nearly identical underlying factual circumstances have spawned quite disparate decisions. *Compare Welch v. Schweitzer*, 106 F.2d 885 (9th Cir. 1939) *with Budlong v. Commissioner*, 58 T.C. 850 (1972) and *compare Estate of McKaig v. Commissioner*, 51 T.C. 331 (1968) *with Kuebler v. Commissioner*, 38 T.C.M. 454 (1979).

Tax Lien" and an accompanying letter at petitioners' Oleander Street address.

### A

Turning first to a discussion of the communications between petitioners and the Kansas City Service Center, we prefatorially note that numerous cases have held that notice of a change of address is not accomplished merely by filing a return that bears an address different than that appearing on the previously filed audited return. *E. g., Luhring v. Glotzbach*, 304 F.2d 556, 558 (4th Cir. 1962); *Kuebler v. Commissioner*, 38 T.C.M. 454, 455 (1979); *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. at 376; *Budlong v. Commissioner*, 58 T.C. 850, 852–53 (1972). The Ninth Circuit Court of Appeals, on the other hand, consistently has held that a return subsequently filed with the same service center as was the audited return affords the Commissioner sufficient notice of the taxpayer's change of address. *Cohen v. United States*, 297 F.2d 760, 773 (9th Cir.), *cert. denied*, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962); *Welch v. Schweitzer*, 106 F.2d 885, 887 (9th Cir. 1939); *Georgia Pacific Corp. v. Lazy Two T Ranch, Inc.*, 76–2 U.S.T.C. ¶ 9666 (N.D.Cal. 1976). *See generally Weinroth v. Commissioner*, 74 T.C. 430, 438 (1980). Recently, the District of Columbia Circuit Court of Appeals, faced with an issue similar to that presented in the instant case, stated:

> Although the adequacy of subsequently filed tax returns alone to provide notification of a change in address is questionable and unclear, notice of . . . [the taxpayer's new address] . . . was afforded and evidenced apart from his 1970 and 1971 income tax returns. Moreover "a taxpayer's last known address must be determined by a consideration of all rele-

vant circumstances." *Lifter v. Commissioner*, [59 T.C. 818] *supra* at 821; and "the Commissioner is required to exercise reasonable care and diligence in ascertaining and mailing a deficiency notice to the correct address." *Arlington Corp. v. Commissioner*, 183 F.2d 448, 450 (5th Cir. 1950). The controlling test therefore as to when the statutory time period for filing the petition for redetermination began is whether, in light of all the pertinent circumstances, the IRS acted reasonably in mailing the deficiency notice . . .

*Crum v. Commissioner*, 635 F.2d 895, 899 (D.C.Cir.1980).

This Circuit has never had occasion to explicitly consider the effect of subsequently filed returns upon the Commissioner's determination of a taxpayer's "last known address." We find in the instant case, as apparently did the *Crum* court, that subsequently filed returns must be considered relevant when determining a taxpayer's "last known address." This is particularly so when, as in the instant case, a subsequently filed return was filed with the same service center as was the return audited.[8] The Kansas City Service Center received notice of petitioners' change of address, because in 1977 it contacted petitioners' at their Oleander Street address. Therefore, a check by the agents of the Chicago offices, an office located within the area served by the Kansas City Service Center, with the records of the Kansas City Service Center would have apprised those agents of petitioners' Oleander Street address.

### B

Further, Agent Swanson of the Commissioner's Chicago offices was aware of peti-

---

8. Because other considerations as well indicate petitioners' "last known address" to be the Oleander Street address at the time of the Commissioner's April 13, 1978 mailing of the notice of deficiency, we need not decide whether the Ninth Circuit's position merits adoption by this Circuit. We pause to note, however, that a taxpayer should not be expected to appreciate the separate responsibilities of the Commissioner's service centers and his offices located within the service centers. *Crum v. Commissioner*, 635 F.2d at 900. This is particularly

true when the Commissioner has apparently not sought to inform taxpayers by way of the numerous channels of communication at his disposal—*e. g.*, tax forms and informational publications—that a change of address should be communicated by a taxpayer at a certain office of the Commissioner. Moreover, in this the age of sophisticated computer information storage and retrieval systems, the Ninth Circuit's position can hardly be deemed to impose an unreasonable burden upon the Commissioner.

tioners' Oleander Street address in 1977. The Commissioner argues that Agent Swanson's knowledge should not be imputed to those agents of the Chicago office assigned to the civil investigation of petitioners' 1971 return. Recently, the Tax Court rejected a similar argument in *Weinroth v. Commissioner*, 74 T.C. 430 (1980). While *Weinroth* is distinguishable from the instant case in that *the taxpayer* in *Weinroth* gave notice to another agent assigned to *civil* investigations within the same district office as the agent assigned to the taxpayer's case, we read *Weinroth* for the proposition, applicable herein, that the fact of any notice to an agent of the same district office as the agent assigned to a taxpayer's case is entitled to some weight when determining a taxpayer's "last known address."

## C

We also deem significant that petitioners did nothing to conceal from the Commissioner their new address. *Crum v. Commissioner*, 635 F.2d at 899. *See also Kennedy v. United States*, 403 F.Supp. 619, 622 (W.D. Mich.1975), *aff'd mem.*, 556 F.2d 581 (6th Cir. 1977). Petitioners filed their change of address with the Postal Service. After moving to the Oleander Street address, petitioners listed that address on all of their communications with the Commissioner. Accordingly, the instant case is readily distinguishable from our decision in *Rappaport v. United States*, 583 F.2d 298 (7th Cir. 1978), where we held that a notice of deficiency mailed to the address on the audited return was sufficient when the taxpayer had moved without giving a forwarding address and was living under an assumed name.

To reiterate, a taxpayer should not be expected to appreciate the separate responsibilities of a service center and district offices within the service center. *See* note 7 *supra*. As the *Crum* court remarked, "[a]n innocent taxpayer should not be penalized because the tax collector neglects to tell his right hand what his left hand is doing." *Crum v. Commissioner*, 635 F.2d at 900.

## D

Although the April 13, 1978 notice of deficiency was sent to petitioners' former Lockwood Avenue address by certified mail, the Commissioner has no record of a return receipt ever being received. The law presumes delivery of a properly addressed piece of mail. *Zenco Engineering Co. v. Commissioner*, 75 T.C. No. 25 (1980). *See Lewin v. Commissioner*, 569 F.2d 444 (7th Cir.), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3090, 57 L.Ed.2d 1134 (1978). However, that presumption must be overcome as to a piece of certified mail when no receipt notice is returned. *See id.* The fact that the Commissioner's file contains no return receipt for the notice mailed April 13, 1978 fosters the conclusion that fault for the petitioners' failure to receive notice must rest with the Postal Service or the Commissioner, but, in any event, not with petitioners. Either the Postal Service mishandled the notice or the Commissioner's agents misplaced the return receipt. When evidence indicates that a notice of deficiency has not been received by the taxpayer due to error of the Postal Service, the notice shall be found insufficient. *E. g., Estate of McKaig v. Commissioner*, 51 T.C. 331 (1968). Moreover, if the Postal Service caused the notice of deficiency to be misplaced, the Commissioner's failure to receive a return receipt should have apprised him that delivery to petitioners of the notice of deficiency was never attempted. If, on the other hand, the return receipt was sent to the Commissioner it should have informed him that petitioners no longer resided at Lockwood Avenue. In such circumstances, notice is also insufficient. *See Johnson v. Commissioner*, 611 F.2d at 1020; *Carbone v. Commissioner*, 8 T.C. 207 (1947). Thus, whether or not the Commissioner actually received the return receipt, the notice must be found insufficient.

## E

The final factual circumstance that supports the conclusion that the April 13, 1978 notice of deficiency was not sent to petitioners' "last known address" is that the Commissioner's agents assigned to petition-

ers' case were able to reach Mrs. McPartlin at petitioners' Oleander Street address in early 1979 when they mailed her a "Notice of Tax Lien" and accompanying letter. The record is devoid of evidence that any communication transpired between petitioners and the Commissioner between the April 13, 1978 mailing of the notice of deficiency to petitioners' former Lockwood Avenue address and the January 23, 1979 mailing of a letter and "Notice of Tax Lien" to petitioners' Oleander Street address. Perhaps petitioners' 1977 or 1978 return or both were filed with the Kansas City Service Center. In any event, the inference that fairly must be drawn from the Commissioner's ability to communicate with petitioners' at their Oleander Street address in early 1979 is that he could reasonably have done so in April 1978. *See Crum v. Commissioner*, 635 F.2d at 899.

■ For the foregoing reasons, we find that the April 13, 1978 notice of deficiency mailed by the Commissioner to petitioners' Lockwood Avenue address was not mailed to their "last known address" within the meaning of 26 U.S.C. § 6212(b) and that the Tax Court's finding to the contrary was clearly erroneous. Further, we find that petitioners' petition for a redetermination was timely filed before the Tax Court. Mailing of a notice of deficiency to a taxpayer's "last known address" commences the running of the 90 day period during which the taxpayer may petition the Tax Court for a redetermination. 26 U.S.C. § 6213. When notice of a deficiency is not sent to the taxpayer's "last known address," subsequent actual notice of the determined deficiency will commence the running of the 90 day period. *Crum v. Commissioner*, 635 F.2d at 901; *Kennedy v. United States*, 403 F.Supp. at 624. *See also Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. at 377; *Budlong v. Commissioner*, 58 T.C. at 853–54. It is unnecessary for us to decide whether petitioners received actual notice of the determined deficiency as early as upon Mrs. McPartlin's early February 1979 receipt from the Commissioner of the letter and "Notice of Tax Lien," as opposed to upon their actual receipt of a copy of the notice of deficiency, since petitioners' April 25,

1979 petition for a redetermination was filed with the Tax Court within 90 days of February 1, 1979.

### IV.

Having found the Tax Court to have erred in dismissing petitioners' petition for a redetermination, we now turn to petitioners' contention that the Tax Court erred in denying their motion for judgment on the pleadings inasmuch as it asserts a defense of the applicable statute of limitation. The applicable statute of limitation periods are set forth in 26 U.S.C. § 6501. A generally applicable 3 year period of limitation is found in 26 U.S.C. § 6501(a). A 6 year period of limitation is applicable whenever a taxpayer omits from gross income an amount in excess of 25 percent of the gross income reported. 26 U.S.C. § 6501(e). No period of limitation applies to a return filed with a fraudulent intent to evade tax. 26 U.S.C. § 6501(c)(1). The above periods of limitation begin to run upon filing of the pertinent return, 26 U.S.C. § 6501, and are tolled for any period the Commissioner is precluded from assessing a deficiency by reason of, for example, the mailing of a notice of deficiency to the taxpayer's "last known address" or by the initiation of proceedings before the Tax Court. 26 U.S.C. § 6503.

The order of the Tax Court understandably contains no discussion of petitioners' statute of limitation argument. Because the Tax Court found that it was without jurisdiction to hear the petition for a redetermination, it was unnecessary for the Tax Court to consider petitioners' statute of limitation argument. Stated differently, it is unreasonable to assume that the Tax Court denied petitioners' motion for judgment on the pleadings for any other reason than its jurisdictional finding. Admittedly it appears at first blush that Mrs. McPartlin is entitled to judgment in the Tax Court due to the expiration of either the 3 or 6 year period of limitation since no fraud is alleged on her part, while Mr. McPartlin, on the other hand, is not entitled to judgment because fraud on his part is alleged. However, we find that those determinations should be made in the first instance by the

Tax Court. We therefore remand this matter to the Tax Court for consideration of petitioners' statute of limitation argument in light of the foregoing discussion.

In conclusion, we hold that the finding of the Tax Court that the April 13, 1978 mailing of a notice of deficiency was mailed to petitioners' "last known address," and that therefore petitioners' April 25, 1979 petition for a redetermination was untimely filed, is clearly erroneous. We hasten to emphatically add, however, that our holding is based solely upon the peculiar facts and circumstances of this case. In light of the above holding, we further find that petitioners are entitled to have their statute of limitation argument considered anew by the Tax Court. Accordingly, we reverse and vacate the order of the Tax Court granting the Commissioner's motion to dismiss and denying petitioners' motion for judgment on the pleadings and remand this matter for additional proceedings consistent with this opinion.

Reversed and Remanded.