HAROLD B. WESTHEIMER and CLAIRE WESTHEIMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Westheimer v. Commissioner
Docket No. 8130-83.
United States Tax Court
T.C. Memo 1984-327; 1984 Tax Ct. Memo LEXIS 348; 48 T.C.M. (CCH) 373; T.C.M. (RIA) 84327; June 26, 1984. Alan Horn, for the petitioners. Paulette Segal, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: The issue before us involves the dismissal of the petition herein for the taxable year 1978. Petitioners contend that the petition must be dismissed because the notice of deficiency for 1978 was not sent to petitioners' "last known address" within the meaning of section 6212(b)(1). [1] Respondent contends that the petition must be dismissed because it was not timely filed. Section 6213. *349 Petitioners resided in Florida when they filed their petition herein. Petitioner Harold B. Westheimer (Harold) was an accountant and a partner with Elmer Fox, Westheimer & Co., now known as Fox & Co. (hereinafter Fox), until his retirement in August 1978. Fox was located at 1301 Avenue of the Americas, New York, N.Y., until relocated at 1211 Avenue of the Americas, New York, N.Y., in December 1977. Harold has maintained an office at Fox since his retirement. Petitioners' tax returns for 1974 through 1977 were filed with the Internal Revenue Service Center in Holtsville, N.Y. After Harold's retirement, petitioners began listing their address on their tax returns as 5701 Collins Avenue, Miami Beach, Fla. (the Florida address). Since 1978, petitioners have spent seven to eight months of each year at the Florida address and approximately four to five months each summer and fall in New York City at 530 East 72nd Street. On October 23, 1981, respondent's Regional Commissioner's office at New York, N.Y., mailed a notice of deficiency for 1974 through 1977 to petitioners at their Florida address. A duplicate original of the notice was mailed the same day the 1301 Avenue of the Americas, *350 New York, N.Y. Petitioners filed a petition in this Court for 1974 through 1977 on January 4, 1982. That petition states that petitioners' "legal address" is 1301 Avenue of the Americas, New York, N.Y. (Fox's old address). On March 4, 1982, respondent's Manhattan District office admitted that petitioners' "legal address" was as stated in the petition. Petitioners filed their 1978 income tax return on November 3, 1979, [2] showing the Florida address as their residence; that return was filed with the District Director's office at Jacksonville, Fla. [3] On April 23, 1980, the Jacksonville District Director was notified by the Manhattan District via a "Form 918-A" [4] of an audit of Maple Properties, a partnership in which Harold Was a partner. The Form 918-A and attached Schedule K-1 (partner's share of income, credits, deductions, etc.) listed Harold's address as 1211 Avenue of the Americas, New York, N.Y. The Jacksonville office never conducted its own audit of petitioners' 1978 return; instead, it relied upon the information provided by the Manhattan District. [5]
*351 On June 15, 1982 (several months after petitioners' petition for years 1974 through 1977 had been filed in the Tax Court), the Jacksonville office requested that petitioners consent (on Form 872-A(C)) to an extension of the statute of limitations for 1978. This request was sent to the Florida address. Petitioners signed Form 872-A(C), which stated that petitioners resided at 5701 Collins Avenue, Miami Beach, Fla, on June 30, 1982 (after they had gone to New York for the summer), and returned it to the Jacksonville office. On July 12, 1982, respondent sent petitioners a letter at the Florida address, notifying them that he could not agree to the extension because it limited the assessment in a manner unacceptable under "service policy." [6]
On September 9, 1982, the Jacksonville District Director mailed the notice of deficiency for 1978 involved herein to petitioners at their Florida address. No duplicate original of this notice was mailed to *352 any other address.[7] At some point thereafter, one of petitioners' neighbors informed petitioners that the Post Office had attempted to deliver to petitioners a certified letter from respondent, but, since neither petitioner was available to sign for the letter, it was not delivered. On October 21, 1982, petitioners' accountant, Abraham Levine (who worked at Fox) wrote to respondent's Taxpayer Assistance Section at the Internal Revenue Service Center in Holtsville, N.Y. the following letter: Gentlemen: The above-captioned clients of this office reside at 5701 Collins Avenue, Miami Beach, Florida 33140. For the past several months they have been away from home. They have been advised by a neighbor who has been accepting and holding their mail that a letter sent by InternalRevenue Service and requiring the addressee's signature was brought to taxpayer's home and returned to the sender because the signature could not be obtained. Taxpayers' returns for several years have been under audit by the Holtsville office due to their being a partner in certain tax shelters which are also being examined by IRS. It is possible that the letter which was sought to be delivered was a 90-day *353 letter dealing with these examinations. Taxpayers request that you search your files to determine whether such a letter was sent, and, if returned to you, that it be forwarded tothe undersigned. If such a letter was sent, but not returned to you, please have a copy mailed to the undersigned. Taxpayers' authorization for such action appears below. Petitioners received no reply to this letter. On January 18, 1983, respondent's Southeast Region Service Center at Chamblee, Ga., sent petitioners, at their Florida address, a bill for the 1978 deficiency. By letters of February 1, 1983, and February 24, 1983, petitioners' accountant, Levine, contacted the Jacksonville, Fla., office regarding the deficiency. [8] A power of attorney signed by petitioners and attached to the February 1, 1983, letter gave petitioners' address as 5701 Collins Ave., Miami Beach, Florida, and gave Levine's address at 1211 Avenue of the Americas, New *354 York, New York. On March 1, 1983, the Jacksonville District Director mailed a copy of the notice of deficiency involved herein to Levine at his New York office. On April 8, 1983, 210 days after the original mailing of that notice, petitioners mailed their petition to this Court. That petition stated that petitioners had "legal addresses" at 1211 Avenue of the Americas, New York, New York, and 5701 Collins Avenue, Miami Beach, Florida. The principal issue before us is whether the deficiency notice addressed to petitioners at 5701 Collins Ave., Miami Beach, Florida, was sent to petitioner's last known address. Section 6212(b)(1). Petitioners make two *355 arguments as to why respondent did not properly mail the notice of deficiency to their last known address. First, they contend that respondent did not exercise "reasonable diligence" in mailing the deficiency notice only to their Florida address. They argue that a duplicate original notice of deficiency should have been sent to 1211 Avenue of the Americas, because (1) that address appeared on the Form 918-A and attached Schedule K-1 sent by the Manhattan office to the Jacksonville office in 1980, (2) respondent's Regional Commissioner's office at New York, N.Y. sent a duplicate original notice of deficiency for 1974 through 1977 to 1301 Avenue of the Americas [9] and the Manhattan office admitted in litigation related thereto that petitioners' "legal address" was the same, and (3) a recent Memorandum Opinion of this Court ( Karosen v. Commissioner,T.C. Memo. 1983-540) states that "where * * * the taxpayer's file contains more than one possible last known address, due diligence wuld require the respondent to use duplicate notices." Petitioners' second contention is that respondent did not exercise reasonable diligence when he failed to mail a copy of the deficiency *356 notice in October 1982 to petitioners' accountant after the accountant had contacted respondent regarding what petitioners assumed was an undelivered deficiency notice. We disagree with each of petitioners' contentions. Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address." In Frieling v. Commissioner,81 T.C. 42, 49 (1983), we defined it as "the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice to deficiency to be sent." We then went on to articulate the following well-established guidelines: (a) the relevant inquiry is to respondent's knowledge rather than taxpayer's actual current address, see also Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), *357 affd. without opinion 538 F.2d 334 (9th Cir. 1976); (b) absent clear and concise notification by the taxpayer directing respondent to use a different address, respondent is entitled to treat the address appearing on the return in respect of which the deficiency notice is issued as the taxpayer's last known address, see also Luhring v. Glotzbach,304 F.2d 556, 558-559 (4th Cir. 1962); Alta Sierra Vista, Inc. v. Commssioner,supra at 374; (c) once respondent becomes aware of a different address, he must exercise reasonable diligence in ascertaining the taxpayer's correct address. Whether respondent has sent the notice of deficiency to the last known address is a question of fact, Alta Sierra Vista, Inc. v. Commissioner,supra, as to which petitioners bear the burden of proof. Rule 142(a). See Mollet v. Commissioner,82 T.C. 618 (Apr. 18, 1984). Petitioners do not dispute that their residence in 1982 (and at the time of trial) was 5701 Collins Avenue, Miami Beach, Fla.[10] Rather, petitioners contend that, in exercising "reasonable diligence," respondent would have ascertained that petitioners had two *358 correct addresses. It is true that respondent's Jacksonville file contained two addresses for petitioners -- the 1211 Avenue of the Americas address which appeared on the Form 918-A and attached Schedule K-1 received by the Jacksonville office in 1980 and the Collins Avenue address which appeared on petitioners' 1978 tax return and which was the sole address utilized by the Jacksonville office in dealing with petitioners. However, respondent was entitled to use the Florida address appearing on petitioners' return because petitioners never notified the Jacksonville office that they wanted all correspondence sent to 1211 Avenue of the Americas, New York, N.Y., Alta Sierra Vista, Inc. v. Commissioner,supra at 374-375, and because respondent exercised reasonable diligence in mailing the deficiency notice to the Florida address. The only correspondence between the Jacksonville office and petitioners occurred less than three months prior to the issuance of the deficiency notice, at which time the Jacksonville office reached petitioners at their Florida address. [11] On these facts, the Jacksonville office was clearly entitled to utilize the Florida address as petitioners' *359 last known address. See generally, Grubart v. Commissioner,T.C. Memo. 1979-409, affd. without opinion 633 F.2d 203 (1980). which we held that mailing a deficiency notice to a taxpayer's residence was sufficient for purposes of section 6212(b)(1), even though most of the correspondence between the parties was directed to and from the taxpayer's business address. That petitioners' allegation of a "legal address" at 130 Avenue of the Americas in their petition covering the taxable years 1974-1977 was admitted by respondent's Manhattan office does not justify a sifferent conclusion. Mollet v. Commissioner,supra.
Nor are we persuaded that the reflection of the 1211 Avenue of the *360 Americas address in the Form 918-A sent by respondent's Manhattan office to the Jacksonville District Director's office requires a different conclusion. The hard fact herein is that, as far as the Jacksonville office was concerned, the only line of communication with petitioners had been directed tothe Miami Beach address. The Form 918-A did not reveal that the Manhattan office had in fact corresponded or otherwise communicated with petitioners at the 1301 and/or 1211 Avenue of the Americas address. [12] In this connection, we note that, in any case, such correspondence and/or communication related to the taxable years 1974-1977 and would not have necessarily indicated that either of those addresses should be used with respect to the 1978 taxable year. We further note that the Form 198-A does not constitute a notification by the petitioners, much less a "clear and concise" notification that they wanted respondent to use the 1211 Avenue of the Americas address. In light of the foregoing, we see no reason to depart from the normal rule that "administrative difficulties" preclude knowledge acquired by one of respondent's district offices concerning a taxpayer's address from being *361 imputed to another district office in another region. See Luhring v. Glotzbach,supra at 559. Cf. United States v. Zolla,724 F.2d 808 (9th Cir. 1984). Nor are we impressed by petitioners' contention that the notice of deficiency herein is invalid because a duplicate notice was not sent to 1211 Avenue of the Americas. The same reasoning with respect to our refusal to charge respondent's Jacksonville office with knowledge of the line or lines of communication utilized by the respondent's Manhattan office applies to this contention. Petitioners' reliance on Karosen v. Commissioner,supra, is misplaced. Karosen is distinguishable because the taxpayers therein moved to a new address and respondent's district office that issued the deficiency notice dealt with petitioners at their new address on three occasions prior to the issuance of the notice. Consequently, respondent should have had "some doubt" therein as to the taxpayers' last known address. Here two different *362 offices of respondent in different regions were involved and there was no reason for the Jacksonville office to "doubt" that the Miami Beach address, the only address at which the Jacksonville office ever communicated with petitioners, was petitioners' last known address. For the reasons previously set forth, we are unwilling to conclude that the 1211 Avenue of the Americas address set forth in the Form 918-A was sufficient to create the level of "doubt" which we found to exist in Karosen. Cf. Mollet v. Commissioner,supra.
Petitioners' second contention, that respondent did not exercise reasonable diligence when it failed to mail a copy of the deficiency notice in October 1982 to petitioners' accountant, Levine, after Levine contacted respondent regarding what petitioners assumed was an undelivered deficiency notice, is equally without merit. Levine testified that Harold and he were both under the impression that the undelivered IRS letter related to the case then pending before the Tax Court (years 1974 through 1977) which was being handled by the Manhattan office. [13] However, Levine also testified that he called the taxpayer assistance section at *363 the Holtsville office and "the Jacksonville office" before he wrote his letter, see p. 5, supra. We find Levine's testimony peculiar, to say the least. First, if he thought that the letter in question referred to the 1974 to 1977 taxable years, there would appear to have been no reason for him to have called the Jacksonville office, which, so far as he knew, was handling only the 1978 return. Second, when Levine followed up his claimed calls to Holtsville and Jacksonville, he wrote only to Holtsville and not to Jacksonville, although the logical thing to do would have been to write to both offices. [14] Third, we find it strange that Levine took no steps to contact respondent's Manhattan office, which was handling the 1974 to 1977 years, the years which Levine thought were the subject matter of the letter in question. Finally, we also think it strange that Levine (an experienced accountant) took no steps to follow up on the situation after he did not receive a reply to his letter. In short, we conclude that, under the circumstances herein, petitioners have not convinced us that respondent should have sent a duplicate notice to 1211 Avenue of the Americas (if indeed, respondent *364 is under a duty, in any event, to send a duplicate notice to another address) particularly where, as is the case herein, the event upon which the petitioner rely occurred after the issuance of the notice of deficiency. Cf. Mulvania v. Commissioner,81 T.C. 65 (1983) (section 6212(b)(1) is a "safe harbor"); Lewis v. Commissioner,T.C. Memo. 1983-505 (respondent used new addres within 90 days of mailing of deficiency letter -- "What is significant is what respondent knew at the time the statutory notice was issued, not what he may have learned later").
Petitioners also suggest that they should not be punished because the Postal Service mishandled the notice of deficiency. Assuming that petitioners are contending that such mishandling somehow invalidated the notice of deficiency, their contention is without merit. We recognize that in McPartlin v. Commissioner,653 F.2d 1185 (7th Cir. 1981), *365 revg. an order of this Court, the Court of Appeals, while not invalidating the notice of deficiency, indicated that mishandling by the Postal Service might furnish grounds for extending the time within which a taxpayer was entitled to file a petition in this Court. We find it unnecessary to decide in this case whether we will follow the path indicated by McPartlin (a path which, incidentally, the petitioners herein do not ask us to take), because we find that case distinguishable. First, in McPartlin, at least one of respondent's agents in the Chicago office (the office which issued the deficiency notice) was aware that the taxpayers had moved. Second, the taxpayers filed returns for subsequent years with the same service center, listing their new address. See Lewis v. Commissioner,supra.Third, the taxpayers were unaware that a deficiency notice had been sent to them, while petitioners herein were aware of the non-delivery of a document, if not the notice of deficiency as such, and respondent was not. See also Estate of McKaig v. Commissioner,51 T.C. 331 (1968) (respondent should have been aware of post office's error, but taxpayer *366 not); Kennedy v. United States,403 F. Supp. 619 (W.D. Mich. 1975) (same). Moreover, it is not even clear herein that the Postal Service was at fault for petitioners' failure to receive the deficiency notice. There is nothing in the record to indicate that, after failing to deliver the letter to Collins Avenue, the post office did not properly forward the letter to the New York address on petitioners' change of address form.Cf. Lewis v. Commissioner,supra.
In sum, we hold that petitioners have not carried their burden of proof that the notice of deficiency herein was invalid or that the time for the filing of their petition should be extended to 90 days after March 1, 1983, the date on which the Jacksonville District Director mailed a copy of the notice of deficiency to Levine. To the extent that a confusing situation was created, the petitioners contributed substantially to that confusion. Under such circumstances, we are not prepared to relieve them of their normal responsibility and impose an additional duty upon respondent. Cf. Brooks v. Commissioner,     T.C. Memo. 1984-20. Respondent's motion to dismiss for *367 failure of the petitioners to file a timely petition will be granted. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. Petitioners had been granted an extension of time to file their 1978 return on or before October 15, 1979. ↩
3. Petitioners' returns for 1979 though 1982 were filed, like their 1978 return, in the Southeast Region. ↩
4. A "Form 918-A" is used to notify a district office in possession of a partner's individual income tax return for a particular year of a partnership audit by another district. ↩
5. The deficiency notice for 1974 through 1977 involved losses from two partnerships, Porter Associates and Maple Properties. The deficiency notice for 1978 involves a partnership loss for Maple Properties and a Schedule C loss for photographs purchased by petitioners for distribution. The record does not indicate who determined that the Schedule C loss should be disallowed.↩
6. There is no evidence in respondent's administrative file for petitioners' taxable year 1978, which came into the possession of the Manhattan District Counsel's office on July 26, 1983, that the letter was returned to respondent.↩
7. There is no evidence in respondent's administrative file for petitioners' 1978 taxable year, which came into the possession of the Manhattan District Counsel's Office on July 26, 1983, that this letter was undelivered and/or returned to respondent.↩
8. The February 1, 1983, letter stated that the assessment "was a complete surprise to taxpayers since they were not aware that this return was under examination"; the February 24, 1983, letter stated that the assessment was the "first inkling" petitioners had of an examination. Both statements are hard to reconcile with the facts that petitioners knew in June 1982 (when they signed the Form 872-A(E)) and Levine knew at the latest by October 1982 (when he wrote to Holtsville) that petitioners' 1978 return was being examined.↩
9. Petitioners have not explained how the Regional Commissioner's office at New York, N.Y.'s use of 1301 Avenue of the Americas and the Manhattan office's admission that petitioners' "legal address" was the same, when Harold's office had not been located there for over four years, required the Jacksonville office to mail a notice of deficiency to 1211↩ Avenue of the Americas.
10. At no time have petitioners contended that their last known address was their summer home at 530 E. 72nd Street, New York, N.Y.↩
11. At that time, petitioners did not indicate that they wanted correspondence to be sent to New York even though they (1) were using an Avenue of the Americas address in a pending tax case, (2) had already left Florida for the summer months, and (3) had placed a change of address order with the Miami Beach Post Office.↩
12. There is no indication in the record that the Manhattan office ever corresponded with petitioners at the 1211 Avenue of the Americas address.↩
13. At this time, both Harold and Levine were aware that the 1978 return was being examined by the Jacksonville office. ↩
14. Indeed, it is not even clear that Levine ever called Holtsville. Had he done so, presumably he would have referred to the call in his letter.↩