DONALD E. PRITCHETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pritchett v. Commissioner
Docket No. 38194-85.
United States Tax Court
T.C. Memo 1986-559; 1986 Tax Ct. Memo LEXIS 42; 52 T.C.M. (CCH) 1056; T.C.M. (RIA) 86559; November 24, 1986. Brian R. Seery, for the petitioner. Judy Jacobs and Frank W. Louis, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, *43 Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 16, 1985, and petitioner's Motion to Dismiss for Lack of Jurisdiction, filed January 10, 1986 were assigned to Special Trial Judge Peter J. Panuthos for hearing and consideration. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioner's Motion to Dismiss for Lack of Jurisdiction. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502. [2] Petitioner seeks dismissal on the ground that the notice of deficiency was not sent to his "last known address". *44 In his notice of deficiency, dated August 15, 1983, respondent determined a deficiency in income tax for the taxable year 1980 in the amount of $26,020 as well as an addition under section 6653(b) in the amount of $13,010. At the time of filing the petition herein, petitioner resided in Rowayton, Connecticut. The notice of deficiency, dated August 15, 1983, upon which this case is based, was sent by certified mail to petitioner at 1217 Southwest 131st Place Circle West, Miami, Florida, 33184 (hereinafter Miami). The petition was filed with the Court on October 15, 1985, which date is more than two years after the mailing of the notice of deficiency. Since the petition in this case was not filed within the time prescribed by the statute [3] respondent's motion should be granted unless we find that the notice was not sent to petitioner's last known address. The Court finds the following facts based on the testimony of petitioner and exhibits *45 filed by the parties. At the time of filing his 1980 Federal income tax return, petitioner resided at the Miami address. Petitioner was chief pilot and director of flight operations for Pan American World Airways. In November 1981, petitioner received a promotion to the position of vice president of flight operations in New York. At that time petitioner began working in New York and traveled back to his house in Miami approximately every other weekend. Petitioner's wife [4] remained in Miami for approximately four months until she moved to the New York area to be with her husband. *46 In July of 1982, petitioner purchased a home at 36 Range Road, Rowayton, Connecticut (hereinafter Rowayton). After petitioner's wife moved to the New York area, the Miami residence remained vacant for a period of time. Subsequent to the period of vacancy the Miami residence was rented to petitioner's wife's family. [5]
When petitioner was initially assigned to New York in November of 1981 his mail would either be forwarded to him by his wife or he would receive it upon returning to Miami. At some later point a notice was given to the local Post Office in the Miami area to forward mail. [6]
At some point in either late 1982 or early 1983 an examination of petitioner's 1980 Federal income tax return began. Petitioner was represented by a C.P.A. located in Coral Gables, Florida. On March 16, 1983, respondent sent a letter (hereinafter referred *47 to as a 30 day letter) with attachments, including proposed income tax examination changes, to petitioner at the Miami address. [7] Petitioner testified that he received the March 16, 1983 letter at his home in Rowayton. Petitioner's recollection was that the letter was forwarded by the U.S. Postal Service. Upon receipt of the 30 day letter, petitioner testified that he contacted a gentleman in Honolulu, who had given previous advice with respect to the investment which generated the tax adjustment. Petitioner then received a form letter from his investment advisor in Honolulu in order to respond to the proposed adjustment set forth in the 30 day letter. [8] Petitioner testified that he signed and mailed the form letter in a postage-paid envelope on or about April 7, 1983. Petitioner did not receive any response from the April 7, 1983 letter. [9]
*48 On August 15, 1983, respondent sent the notice of deficiency to petitioner at his Miami address by certified mail. Petitioner did not receive the letter and the envelope in which the notice of deficiency was contained was stamped "unclaimed" and returned to respondent. The envelope also shows that three notices of attempted delivery were left at the Miami address. According to the waiver form attached to the notice of deficiency, a copy of the notice was sent to petitioner's authorized representative (the same CPA who apparently handled the initial examination). [10]
Petitioner argues that he gave clear and concise notification of his change of address in his letter of April 7, 1983 (responding to the 30 day letter) and accordingly, the notice of deficiency issued subsequent to that time to the Miami address was not sent to his "last known address." Respondent, who has no record of receipt of the April 7, 1983 letter, argues that no *49 such notice was given. Respondent further argues that even if the April 7, 1983 letter was sent, respondent should not be held to have been notified since there is no objective confirmation of the mailing of or the receipt of the notification of change of address. Finally, respondent argues that the April 7, 1983 letter does not constitute clear and concise notification of a change of address in any event. A taxpayer's "last known address" is that address to which, in light of all the surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice to be sent. Delman v. Commissioner,384 F.2d 929, 932 (3d Cir. 1967), affg. a Memorandum Opinion of this Court; Brown v. Commissioner,78 T.C. 215, 218-219 (1982); Looper v. Commissioner,73 T.C. 690, 696 (1980). Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address." In Frieling v. Commissioner,81 T.C. 42, 49 (1983) we defined "last known address" as "the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to *50 be sent." The guidelines to determine whether a notice was sent to a taxpayer's last known address are as follows: (1) The relevant inquiry is to respondent's knowledge rather than the taxpayer's actual current address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); (2) Absent clear and concise notification by the taxpayer directing the respondent to use a different address the respondent is entitled to treat the address appearing on the return in respect to which the deficiency notice is issued as the taxpayer's last known address. See Alta Sierra Vista, Inc. v. Commissioner,supra; (3) Once respondent becomes aware of a different address, he must exercise reasonable diligence in ascertaining the taxpayer's correct address. Whether respondent has sent the notice of deficiency to the last known address is a question of fact upon which petitioner bears the burden of proof. Alta Sierra Vista, Inc. v. Commissioner,supra;Mollet v. Commissioner,82 T.C. 618 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); *51 Rule 142(a). We consider respondent's last argument (that the April 7, 1983 letter does not constitute clear and concise notification of a change of address) first. We assume for purposes of this argument that the April 7, 1983 letter was sent by petitioner and received by respondent. Nothing was said in the letter about petitioner's changing his address. If respondent did receive the April 7, 1983 letter, this would indicate that petitioner had received the 30-day letter which was sent to the Miami address on March 16, 1983. Without clear and concise notification that petitioner had changed his address respondent was justified in believing that the Miami address was petitioner's last known address. Tadros v. Commissioner,763 F.2d 89 (2d Cir. 1985), affg. an unreported order of dismissal of this Court; Alta Sierra Vista Inc. v. Commissioner,supra.In Tadros the taxpayer wrote a letter to the Internal Revenue Service with an address on the letterhead which was different than the address to which correspondence was previously addressed to him.The taxpayer's letter stated that the last letter from the Internal Revenue Service was "lost *52 or misplaced in the process of moving." There was no indication that the taxpayer had permanently moved or that the letterhead was a new place of residence or that the old address should no longer be used. The Court of Appeals affirmed the Tax Court in finding that the taxpayer by such letter had not given clear and concise notification of a change of address. This case is similar to the facts in Tadros in that petitioner did not make any comment about a change of address in the April 7th letter and merely typed a different address at the bottom of the letter. Accordingly, we find as we did in Tadros that the letter did not constitute clear and concise notification of a change of address. Assuming that the April 7th letter was sufficient to provide notification to respondent, we consider the other arguments raised by the parties. Petitioner argues that respondent should be presumed to have received the April 7th letter which he argues constituted a clear and concise notice of change of address. [11] Petitioner, citing Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 323 (1980), argues that once a letter is properly mailed there is a presumption of *53 receipt.[12] Respondent, on the other hand, argues that absent positive proof of mailing a presumption of delivery is not warranted. Respondent argues that in every case in which clear and concise notification has been found, there has been some objective confirmation of the receipt of notification. See Frieling v. Commissioner,81 T.C. 42 (1983) (respondent mailed a consent form to taxpayer's new address after oral notification); Pyo v. Commissioner,83 T.C. 626 (1984) (District Director's office corresponded with the taxpayer at the new address); Weinroth v. Commissioner,74 T.C. 430 (1980) (Revenue agent visited taxpayer and mailed consent form to new address); and McPartlin v. Commissioner,653 F.2d 1185 (7th Cir. 1981), revg. an unpublished order of this Court (Agent stated that he was aware that taxpayers moved). In Zenco Engineering Corp. v. Commissioner,supra *54 the taxpayer argued that it did not receive a properly addressed notice of deficiency. In that case the Internal Revenue Service delivered a properly addressed notice of deficiency to postal officials and the taxpayer (through its authorized employees) indicated that the notice was never received. The taxpayer argued that the letter was mishandled by postal authorities. We referred to section 6212(b)(1) pointing out that there is no requirement that a notice of deficiency be received by a taxpayer. While we stated that there is a strong presumption that a properly addressed letter will be delivered or offered for delivery to the addressee, it is clear that our discussion related to the issuance of a notice of deficiency and not a notice of change of address sent by a taxpayer. It is also clear that the notice of deficiency was in fact mailed by respondent to the taxpayer. The notice of deficiency is a creature of statute with specific requirements for its mailing. Section 6212. We held in Zenco Engineering Corp. that there was not sufficient evidence of misdirection by the Post Office and, in fact, the documentary evidence revealed that the statutory notice had been "refused" *55 by someone at the Post Office where petitioner usually received its mail. Accordingly, we granted respondent's motion to dismiss for lack of jurisdiction. [13]
The only evidence of mailing in this case is petitioner's testimony that he mailed the April 7, 1983 letter to respondent. [14] Petitioner's testimony in this regard was somewhat vague and incomplete. The circumstances surrounding the receipt by petitioner of the 30 day letter, dated March 16, 1983, and subsequent preparation of the response leaves some doubt as to whether the April 7th letter was actually prepared and mailed at the time claimed by petitioner. We note that petitioner was unsure as to whether the 30 day letter was forwarded to him from Florida by the Postal Service or whether he received it in some other way. The factual scenario surrounding the preparation of the April 7th letter by an unnamed person in Honolulu, including the apparent predating [15] of the letter and inclusion of petitioner's Rowayton address at the bottom of said letter, leave some doubt as to the actual mailing. *56 The notice of deficiency sent on August 15, 1983 to the Miami address was unclaimed.It is not clear whether a notice of change of address given to the Postal Service had expired. Furthermore, the record is not clear as to whether the Miami residence was vacant at this point or whether petitioner's wife's parents resided there. However, petitioner did receive the 30-day letter dated March 16, 1983 that had been addressed to him at the Miami address. Petitioner has failed to carry his burden of proof to establish that a clear and concise notice of change of address was given to respondent. [16]
Based upon the foregoing, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted and petitioner's Motion to Dismiss will be denied. An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to section 7456(d) of the Internal Revenue Code of 1954, as amended (which has been redesignated section 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat.    ), and Rule 180, Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Section 6213(a) provides that "[w]ithin 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for redetermination of the deficiency. * * *"↩
4. While petitioner testified that he was married during 1981 and 1982, we note that the Income Tax Examination Changes (Form 4549-A) attached to the 30-day letter dated March 16, 1983 (relating to the 1980 taxable year) reflects a filing status as "head of household". While the income tax return was not made part of the record, we note that the filing status is not an adjustment on the 30-day letter, but rather a reflection by the agent as to the reporting of the filing status by petitioner. While there is no other evidence in the record as to petitioner's marital status, we find this factual gap puzzling.↩
5. The record is not clear as to exactly where petitioner resided in the New York area from November 1981 until July 1982. Nor is the record clear as to when the Miami residence was rented.↩
6. Petitioner could not recall exactly when the notice was given or when he began receiving mail forwarded by the U.S. Postal Service.↩
7. While the letter and attachments do not indicate if a copy was sent to petitioner's CPA, there is an indication that the matter was discussed with petitioner's CPA. ↩
8. According to petitioner's testimony and the copy of the document admitted into evidence, the form letter was sent to petitioner with blank spaces completed including the addressee (District Director of Internal Revenue Service, 30 Day Letter Section, 400 West Bay Street, Jacksonville, Florida 32202), the tax year in question (1980), the date (March 16, 1983) and Form number (950 DO) of the 30 day letter. According to petitioner the form letter was already dated (April 7, 1983) and had his name and address typed at the bottom (DONALD PRITCHETT, 36 Range Road, Rowayton, Connecticut 06853). ↩
9. Respondent, after an examination of his administrative file, asserts that there is no record of receipt of the April 7, 1983 form letter from petitioner.↩
10. Petitioner testified that his C.P.A. had ceased representing him sometime prior to August 15, 1983. There is nothing in the record indicating whether the C.P.A. contacted petitioner or sent petitioner a copy of the Notice of Deficiency.↩
11. The evidence indicates that respondent did not have the April 7, 1983 letter in his administrative file. ↩
12. Petitioner also cites the Federal Rules of Evidence, as well as District of Columbia, Connecticut, and Florida cases to support his position.↩
13. Compare Estate of McKaig v. Commissioner,51 T.C. 331↩ (1968).
14. The April 7, 1983 letter was allegedly mailed by regular mail and accordingly, there is no record of mailing as would be the case with certified or registered mail. ↩
15. Petitioner testified that the letter prepared for him was dated by the preparer in Honolulu, yet he testified to have mailed it from Connecticut on or about April 7th.Apparently, petitioner received nothing from respondent with reference to the protest letter, yet he made no inquiries about the status of the protest.↩
16. See and compare Estate of Price v. Commissioner,T.C. Memo. 1984-613↩.