Andrew **ESCHWEILER**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

**No. 86 C 1451.**

United States District Court,
N.D. Illinois, E.D.

May 31, 1988.

Donald V. Morano, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., William Clabault, Asst. U.S. Atty., Chicago, Ill., Debra L. Stefanik, U.S. Dept. of Justice, Washington, D.C., for defendant.

### ORDER

NORGLE, District Judge.

Before the court are the parties' cross-motions for summary judgment. *See* Fed. R.Civ.P. 56. For the following reasons, the government's motion is granted and the plaintiffs' motion is denied.

 Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). A material fact is "genuine" if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* 106 S.Ct. at 2553.

There is no factual dispute as to the following: 1) the notice of deficiency for the 1984 tax year was mailed to plaintiff's "last known address"; 2) plaintiff's "last known address" for purposes of sending the notice of deficiency for the 1983 tax year was 2626 North Lakeview, the address to which it was sent; and 3) agent Plekavic did not have "an exact address" for plaintiff when he recommended a jeopardy assessment for 1983. Based on these and the other uncontested facts contained in the parties' submissions, the court finds: 1) the government is entitled to summary judgment on the issue of whether the notice of deficiency for the 1984 tax year was sent to plaintiffs' "last known address"; and 2) the government knew that 2626 Lakeview might not be correct and, therefore, was required to exercise due diligence to ascertain plaintiffs' "last known address," *see McPartlin v. Commissioner of Internal Revenue Service,* 653 F.2d 1185 (7th Cir.1985) (citing cases).

■■■ The court further finds that agent Plekavic exercised reasonable diligence in attempting to obtain plaintiffs' last known address by 1) securing a copy of the 2626 North Lakeview rental agreement and 2) twice contacting plaintiffs' criminal attor-

ney. The attorney's response that he would advise plaintiff to exercise his fifth amendment rights justified agent Plekavic's failure to inquire further as to plaintiff's exact whereabouts. The court disagrees with plaintiffs' contention that the government had a duty to make inquiries with the prosecuting U.S. Attorney's office or the U.S. Probation Office to obtain plaintiff's exact address. In sum, under the particular facts and circumstances of the present case, the government exercised reasonable diligence in discovering plaintiff's last known address as a matter of law and, consequently, the notice of deficiency for the 1983 tax year was, in fact, sent to plaintiffs' last known address.

Accordingly, the government's motion for summary judgment is granted. The Clerk of the Court shall enter a separate order pursuant to Federal Rule of Civil Procedure 58 entering judgment in favor of the defendant.

IT IS SO ORDERED.