ADOLPH LEWIN and JOYCE LEWIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewin v. Commissioner
Docket No. 2866-74.
United States Tax Court
T.C. Memo 1976-355; 1976 Tax Ct. Memo LEXIS 47; 35 T.C.M. (CCH) 1615; T.C.M. (RIA) 760355; November 24, 1976, Filed Edward J. Calihan, Jr. and Anna R. Lavin, for the petitioners. William L. Ringuette, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This matter is before us on respondent's motion to dismiss for lack of jurisdiction, on the ground that the petition herein was not filed within the period prescribed by law. In presenting their position, petitioners acknowledge that the petition was filed more than 90 days after the mailing of the statutory notice of deficiency, but nonetheless maintain that the filing was timely because of certain actions on the part of respondent after the mailing of the statutory notice. Petitioners Adolph and Joyce Lewin (hereinafter sometimes Adolph or Joyce) resided in Chicago, Illinois, at the time the petition herein was filed. They filed joint *48 Federal income tax returns for the years 1966 through 1968, the last showing their address at 2501 Pebbleford Lane, Glenview, Illinois. Prior to the issuance of the statutory notice herein, Adolph was the subject of a criminal investigation for possible violation of the Internal Revenue laws. Ultimately, he pleaded guilty to one count of such a violation. As the criminal matter neared its conclusion, he was informed by his attorney that, subsequent to the disposition of the criminal matter, there would be immediately raised by respondent a question regarding petitioners' civil liability during those years. Having been so advised, Adolph instructed his wife, Joyce, to be alert for the imminent arrival of correspondence from the Internal Revenue Service. On June 18, 1973, the District Director of Internal Revenue, Chicago, Illinois, mailed to petitioners by certified mail a notice of deficiency for the years 1966, 1967, and 1968. The envelope containing the original notice of deficiency was addressed as follows: Mr. Adolph Lewin and, Mrs. Joyce V. Lewin, 2501 Pebbleford Lane, Glenview, Illinois 60025 On June 19, 1973, a U.S. Postal Service letter carrier attempted to hand *49 deliver the notice to petitioners' residence at 2501 Pebbleford Lane. After knocking at the door and receiving no reply, he left in petitioners' mailbox Postal Service Form 3849, a document which indicates that there has been an attempted delivery of certified or registered mail. On June 29, 1973, a second Form 3849 was placed in petitioners' mailbox. The envelope containing the notice remained unclaimed and, subsequently, was returned to respondent unopened on July 3, 1973, and received in respondent's Chicago office on July 10, 1973. On its face, it bore a stamped marking bearing the legend "returned to writer", on which there appeared a penned checkmark in the space opposite a blank labeled "unclaimed". The envelope further bore notations penned by the letter carrier and the Glenview, Illinois, post office indicating that notice of its arrival had been given on two occasions. During the course of her testimony, Joyce stated that she was at her home on June 19, 1973, and each day thereafter through June 29, 1973, between 10:30 a.m. and 12:30 p.m., the time the mail was regularly delivered to her home. She further testified that she received no personal delivery of a statutory *50 notice, nor did she receive in her mailbox a Postal Service Form 3849 indicating that such delivery had been attempted. Upon its return to respondent's office, the letter was filed and respondent thereafter made no further attempt to deliver the letter to petitioners or to otherwise effectuate notice. On October 1, 1973, petitioners received notification of a tax assessment and a demand for payment. Petitioners then notified their attorney of the foregoing events who, after some delay, secured a copy of the notice of deficiency and presented it to petitioners on February 1, 1974. Prior to this date, petitioners had never seen the deficiency notice. The petition herein was filed with this Court on April 23, 1974, 309 days after the notice of deficiency was mailed but 82 days after it was actually in petitioners' possession. The parties are in agreement that the notice of deficiency was timely mailed in correct form on June 18, 1973, to petitioners' last known address at 2501 Pebbleford Lane, Glenview, Illinois. It is respondent's position simply that the time for filing a petition with this Court expired 90 days later on September 17, 1973, and, therefore, the petition *51 filed herein on April 23, 1974, must be dismissed for lack of jurisdiction. Petitioners contend that, despite the correctness of the mailing, their filing of the petition herein was timely because of subsequent remiss inaction on respondent's part; that, under the circumstances, the return of the unclaimed envelope to respondent 68 days prior to the running of the 90 days raised a further duty on respondent's behalf to attempt additional measures of delivering actual notice prior to the running of the 90-day statutory period. In view of respondent's failure to act, they argue, the time for filing a petition in this Court was extended to a period ending 90 days subsequent to February 1, 1974, the date notice was actually received by petitioners. In view of the fact that, as agreed upon by the parties, the notice was properly addressed and mailed, we are concerned solely with the question of whether the 90-day period for filing a petition with this Court commenced on the date of mailing or the date of receipt. As a general rule, it is well established that the period described commences with the mailing date of the notice, irrespective of the date of actual receipt by the taxpayer. *52 Pfeffer v. Commissioner,272 F.2d 383 (2d Cir. 1959). Relying on Estate of Francis P. McKaig, Jr.,51 T.C. 331 (1968), petitioners maintain that the circumstances in this case are such as to warrant relaxation of this rule. In that case, respondent mailed the taxpayer a properly addressed statutory notice. While the letter was in transit, the postal service crossed out the correct address and wrote in a new incorrect address. Subsequently, the letter was misdirected and returned to respondent marked "unclaimed." We held that although the initial mailing form may have been proper, the mailing was not completed because the notice had been "diverted" by the Postal Service and respondent knew or had reason to know of it. The facts now before us, however, involve no such complications. As conceded, the statutory notice was properly addressed and mailed. In accordance with Postal Service procedure for certified mail, the letter carrier attempted to deliver the notice by hand and, after finding no one at home, left Form 3849 in petitioners' mailbox on two occasions. When the statutory notice was not claimed in two weeks' time, it was returned to *53 respondent undelivered. Upon its return to respondent's office, the envelope containing the statutory notice was unblemished and displayed no extraordinary markings beyond those normally received in transit by unclaimed certified mail. These stamped markings and penned notations indicated only that the letter was being returned for the reason that it was unclaimed. Among the markings on the face of the envelope, there was nothing that would provide respondent with the knowledge, or alert him to the possibility, that the notice or the Forms 3849 had been either misdirected or otherwise diverted. To the contrary, the envelope had been marked so as to indicate that delivery was attempted on two separate occasions. During the course of their testimony, petitioners stated that they had been instructed by their attorney to expect the imminent arrival of a notice of deficiency from respondent. They further claimed that, heeding this advice, they kept a lookout for its prospective arrival and received neither the letter nor the forms 3849 indicating that such mail was being held for them at their post office. Postal records kept in the ordinary course of business, however, indicate *54 that such was not the case. Rather, these records show that, on two occasions, Forms 3849 were left at petitioners' residence. Petitioners have offered no evidence that would impugn the probity of these records nor any that would corroborate their story. In view of this documentary evidence and lack of satisfactory explanation to the contrary, we are satisfied that the postal employees involved properly discharged their duties. [1]Charlson Realty Co.,384 F.2d 434 (Ct. Cl. 1967). Thus, we can find no evidence of diversion from proper mailing procedure in this instance. Proper mailing was effected and would have been completed but for petitioners' failure to claim the letter at the post office. To assert that respondent, having once properly mailed notice to the taxpayer, has a further duty of providing actual notice before expiration of the 90-day statutory period is clearly contrary *55 to the statute [2] and prior decisions of this Court. Daniel Lifter,59 T.C. 818 (1973).
In view of the foregoing, we hold that the statutory notice of deficiency was properly mailed on June 18, 1973, and that the 90-day statutory period commenced to run on that date. Consequently, the petition filed herein on April 23, 1974, did not fall within our jurisdictional requisites. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. Nor have petitioners explained their apparent failure to contact respondent when the anticipated notice failed to arrive. Only after a demand for payment was presented some four months later did petitioners seek to make inquiries concerning the missing deficiency notice.↩
2. See sec. 6212, Internal Revenue Code of 1954↩.