**Julius RAPPAPORT a/k/a Jerome Hirsh, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 77-1752.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1977.*

Decided July 17, 1978.

---

* An earlier appeal was dismissed after oral argument for lack of final judgment, 7 Cir., 557 F.2d 605. A judgment was later entered and plaintiff again appealed. The appeal has been considered by the same panel which heard oral argument, and upon the original briefs.

Richard E. Gorman, Chicago, Ill., for plaintiff-appellant.

Stephen M. Gelber, Tax Division, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and GRANT, Senior District Judge.**

PER CURIAM.

Appellant Julius Rappaport (hereinafter referred to as the "taxpayer") appeals from a judgment of the district court in favor of defendant. The district court held that an action brought by taxpayer to have a tax assessment made against him for 1970 declared invalid and to enjoin the collection of the taxes allegedly owed by him for that period was barred by the Anti-Injunction Act, § 7421 of the Internal Revenue Code,[1]

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. Section 7421, 26 U.S.C., provides in pertinent part:

and the Declaratory Judgment Act, 28 U.S.C. § 2201.[2] We affirm.

## I

The facts are not in dispute and can be summarized as follows. For most of 1970, taxpayer was employed as an office manager and agent for American Agronomics in the Cleveland, Ohio area. On November 2, 1970, taxpayer was indicted by an Ohio grand jury for allegedly embezzling more than $181,000 from American Agronomics during the period from April 18, 1970 through August 31, 1970. Taxpayer, however, had left the Cleveland area sometime in 1970 or 1971 and moved to Chicago, Illinois, where he lived under an assumed name.

In late 1973, taxpayer was finally brought before an Ohio court where he pleaded guilty to charges that he had embezzled over $181,000 from American Agronomics. The court imposed a five-year sentence, provided taxpayer make restitution of at least $90,000 of the embezzled funds over the next fifteen years in installments of at least $500 each month.

After an audit, the Commissioner determined that the embezzled funds plus an additional $16,950 should have been reported by taxpayer as part of his 1970 taxable income. On November 15, 1973, the Commissioner sent taxpayer by certified mail a deficiency notice pursuant to § 6212 of the Internal Revenue Code.[3] This notice stated that there was a deficiency in taxpayer's 1970 tax, gave the grounds for this determi-

nation, and further stated that the Commissioner was required by law to assess the tax in question ninety days from the date the notice was mailed unless taxpayer filed a petition in the United States Tax Court during this ninety-day period. Although the notice was mailed to the most current address available in the Service's files, taxpayer never received the notice since he had assumed a different name and had moved to Chicago without leaving a forwarding address.

After the ninety-day period described in the deficiency notice had elapsed, the Commissioner proceeded to assess the taxes owed by taxpayer. Sometime thereafter, taxpayer received a letter from the Service, dated May 24, 1974, sent to the same address to which the deficiency notice had been mailed. This letter requested payment of the taxes that had been previously assessed against taxpayer for 1970. Rather than paying the tax in question and suing for a refund, taxpayer brought an action in the district court for declaratory and injunctive relief. The district court granted the government's motion for summary judgment and this appeal followed.

## II

At the outset, taxpayer is faced with several jurisdictional hurdles which must be overcome before a district court could hear his claims for relief. The Anti-Injunction Act, § 7421 of the Internal Revenue Code, provides that, "no suit for the purpose of restraining the assessment or collection of

---

Except as provided in sections 6212(a) and (c), 6213(a), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

**2.** The Declaratory Judgment Act provides in pertinent part:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party . . . .. (Emphasis added.)

**3.** Section 6212 provides in pertinent part:

Sec. 6212. Notice of deficiency.

(a) . . . If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 42, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b)(1) . . . In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax . . . if mailed to the taxpayer at his last known address, shall be sufficient . . . ..

any tax shall be maintained in any court by any person . . . ." The language of the statute "could scarcely be more explicit." *Bob Jones University v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1973). The primary purpose of the statute is "protection of the Government's need to assess and collect taxes with a minimum of pre-enforcement judicial interference . . . ." *Id.* The Court has also suggested that a collateral purpose of the Act is the protection of the collector from litigation pending a refund suit. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 7–8, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). To accomplish these goals, § 7421 "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Id.* at 5, 82 S.Ct. at 1128.

The Anti-Injunction Act thus seemingly precludes any suit to enjoin the collection of a tax. Taxpayer, however, relies on both statutory and non-statutory exceptions to the Act.

Taxpayer's statutory argument is apparently based on his failure to receive actual notice of the deficiency claim. Under § 6212(a) of the Code, if the Secretary determines that a deficiency exists, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." Section 6212(b) provides that it is "sufficient" if the deficiency notice "is mailed to the taxpayer at his last known address." If these notice provisions are not complied with, § 6213(a) allows the taxpayer to enjoin the assessment and collection of a tax.[4]

■ This statutory exception to the Anti-Injunction Act, however, is of little benefit to the taxpayer in the present case. It is undisputed that the Commissioner mailed a deficiency notice to taxpayer on November 15, 1973, and that this notice was sent to taxpayer's last known address. The only reason that taxpayer did not receive the notice was that he had moved to Chicago without leaving a forwarding address and was living there under an assumed name. Thus the Commissioner fully complied with the statutory requirement of § 6212(b) that notice be "mailed to the taxpayer at his last known address."

The cases which have considered the statutory argument made by taxpayer in this case have uniformly held that § 6212 is satisfied by mailing notice to taxpayer's last known address whether or not actual notice is ever received. *E. g., Brown v. Lethert,* 360 F.2d 560 (8th Cir. 1966); *Cohen v. United States,* 297 F.2d 760 (9th Cir. 1962), *cert. denied* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962); *Luhring v. Glotzback,* 304 F.2d 556 (4th Cir. 1962). In *Cohen v. United States, supra,* for example, the mailing of notice to taxpayer's last known address was held to satisfy the statute even though the Commissioner knew that taxpayer was in prison at the time the notice was sent. Thus the statutory exception to the Anti-Injunction Act for lack of notice is inapplicable in the present case.

■ In addition to the statutory exception for failure to mail notice, the Supreme Court has allowed suits for injunctions in tax cases in certain extreme situations where: (1) under the most liberal view of the law and facts, the government could not ultimately prevail; and (2) plaintiff will sustain irreparable injury for which there is no adequate remedy at law. *E. g., Alexander v. "Americans United" Inc.,* 416 U.S. 752, 758, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974); *Bob Jones University v. Simon, supra,* 416 U.S. at 735, 94 S.Ct. 2038; *Enochs*

---

4. Section 6213(a) provides in pertinent part: Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted *until such notice has been mailed to the taxpayer,* nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court. (Emphasis added.)

v. *Williams Packing Co., supra,* 370 U.S. at 7, 11, 82 S.Ct. 1125. Unless both conditions of this two-part test are met, a suit to enjoin the collection of a tax must be dismissed for lack of jurisdiction.

In the present case, it is clear that the first prong of the test is not satisfied since it cannot be said that the government has no chance of success on the merits. It is well established that the embezzled funds constitute income to the taxpayer in 1970, the year of embezzlement. *James v. United States,* 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961). Taxpayer's 1973 agreement in connection with his guilty plea to repay part of the embezzled funds in monthly installments of $500 does not affect his 1970 tax liability. This agreement was not even entered into until three years after the embezzled funds were received. More importantly, an agreement to repay funds, no matter when made, is not a sufficient grounds for avoidance of tax liability. While taxpayer will be entitled to a deduction when these sums are actually paid, "recognition of the obligation to repay funds received under a claim of right has no tax consequences regardless of whether it occurs in the year the funds were received or [in] a later year." *Quinn v. Commissioner of Internal Revenue,* 524 F.2d 617, 625 (7th Cir. 1975). At the very least, *James* and *Quinn* foreclose any notion that "under no circumstances could the Government ultimately prevail." *Enochs v. Williams Packing Co., supra,* 370 U.S. at 7, 82 S.Ct. at 1129. Since taxpayer has failed to satisfy the first requirement of the *Williams Packing Co.* test, we need not consider whether taxpayer will suffer irreparable injury for which there is no adequate remedy at law.

### III

■ Taxpayer's claim for declaratory relief must also fail. "The Congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments." *Bob Jones University v. Simon, supra,* 416 U.S. at 732 n. 7, 94 S.Ct. at 2044. Thus the Declaratory Judgment Act, 28 U.S.C.

§ 2201, specifically excludes suits "with respect to federal taxes." While the scope of this provision has not yet been conclusively settled, the Supreme Court has stated that "the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *Bob Jones University, supra,* at 733 n. 7, 94 S.Ct. at 2044. Our conclusion that the instant case is barred by the Anti-Injunction Act therefore also requires dismissal of the claim for declaratory relief.

### IV

■ Our holding in this case in no way suggests that taxpayer will have no right to contest the assessment levied against him. Taxpayer will be free to pay the tax and then sue for a refund in the district court or Court of Claims. *"Americans United" Inc., supra,* 416 U.S. at 762, 94 S.Ct. 2053.

The judgment appealed from is Affirmed.