Andrew **ESCHWEILER**,
Plaintiff–Appellant,

v.

**UNITED STATES of America,**
Defendant–Appellee.

No. 88–2083.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 10, 1989.

Decided June 27, 1989.

As Amended June 28, 1989.

Donald V. Morano, Chicago, Ill., for plaintiff-appellant.

William T. Clabault, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., Debra L. Stefanik, Trial Atty., Dept. of Justice, Tax Div., Gary R. Allen (lead counsel), Chief, Appellate Section Tax Div., Dept. of Justice, William S. Rose, Jr., Asst. Atty. Gen., Washington, D.C., and Teresa E. McLaughlin, for defendant-appellee.

Before CUMMINGS, CUDAHY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

The question presented by this case is whether the IRS complied with the requirements of 26 U.S.C. § 6212(b)(1) in making a jeopardy assessment against the plaintiff. The district court, faced with competing motions for summary judgment, granted summary judgment in favor of the defendant, 696 F.Supp. 326 (1988) and plaintiff appeals. For the reasons discussed below we reverse.

I.

On May 3, 1984, Andrew Eschweiler was indicted on three counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Bond was set at $50,000 and was posted by Andrew's brother Peter the next day. The bail bond designated Andrew as the recipient of the proceeds. Andrew Eschweiler ultimately pled guilty to one count of the indictment and received a two year sentence to run consecutive to a prior sentence for another drug offense.

On August 30, 1984, the IRS, after determining that Eschweiler had failed to report his income for the previous year and was concealing his assets thereby rendering collection doubtful, made a jeopardy assessment pursuant to 26 U.S.C. § 6861(a),[1] and filed a notice of levy on the bail bond. On October 2, the IRS, acting pursuant to the directive of 26 U.S.C. § 6861(b),[2] mailed a notice of deficiency to 2626 North Lakeview in Chicago. The envelope, however,

---

**1.** 26 U.S.C. § 6861(a) provides:

If the Secretary or his delegate believes that the assessment or collection of a deficiency, ... will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency ... and notice and demand shall be made by the Secretary or his delegate for the payment thereof.

**2.** 26 U.S.C. § 6861(b) provides:

If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment.

was eventually returned to the IRS and stamped "Unclaimed." Andrew Eschweiler claims that at the time the notice was sent he was residing with his parents in Milwaukee, Wisconsin.

In response to the jeopardy assessment, plaintiff filed a motion to exonerate the bond pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure. In *United States v. Eschweiler*, 782 F.2d 1385, (7th Cir.1986), this court held that a motion to exonerate under Rule 46(f) was not the proper vehicle to challenge the validity of the levy. Rather, we indicated that the proper procedure was to file a civil action pursuant to the relevant provisions of the Internal Revenue Code.

In January, 1986, Andrew Eschweiler filed this action pursuant to 26 U.S.C. § 6213(a) seeking to enjoin the government from enforcing the levy on the bail bond. Specifically, plaintiff alleged that the jeopardy assessment was invalid due to the government's failure to send the deficiency notice to his last known address within the meaning of 26 U.S.C. § 6212. The district court, faced with competing motions for summary judgment, held that the IRS had complied with its statutory obligation as a matter of law and granted the government's motion. Eschweiler now appeals from this decision.

## II.

█ The question presented by this case is whether the government complied with its statutory obligation to send notice of the deficiency assessment to Eschweiler's last known address. The term "last known address" has been defined as the address where the Commissioner reasonably believes the taxpayer wished to be reached at the time the notice of deficiency was sent. *See Cyclone Drilling Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir.1985). To comply with this obligation, the IRS need only exercise reasonable diligence in attempting to ascertain this address. *McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir. 1981); *Mulder v. Commissioner*, 855 F.2d 208, 211 (5th Cir.1988). The issue of reasonable diligence is a question to be re-

solved upon the facts and circumstances of the particular case. *McPartlin*, 653 F.2d at 1189.

█ In the present case, the notice of deficiency was originally sent to 2626 N. Lakeview in Chicago. The notice was forwarded to another address in Chicago, 350 W. Oakdale, but was eventually returned to the IRS and stamped "Unclaimed." The taxpayer asserts that at the time the notice was sent he was free on bond while a prior drug conviction was being appealed and was residing with his parents in Milwaukee, Wisconsin and claims that the notice of deficiency should have been sent to his parents' address.

In support of its motion for summary judgment, the government adduced the affidavit of William Plekovic, the IRS agent responsible for the investigation that culminated in the jeopardy assessment. Plekovic's affidavit stated that during the course of the investigation he discovered that Eschweiler was free on bond and that he contacted Edward Mogul, Eschweiler's attorney, in an effort to ascertain plaintiff's exact address. The affidavit also stated that Mogul told Plekovic that he would advise Eschweiler not to talk to any IRS representative. In response to this evidence, Eschweiler submitted Mogul's affidavit which stated that while Plekovic wanted to talk to Andrew he did not ask what plaintiff's address was in Milwaukee. As noted above, the notice of deficiency was ultimately sent to 2626 N. Lakeview, an address Plekovic had obtained from the FBI. The record reveals that Eschweiler had leased an apartment at that address for several years. The lease however, expired in April, 1984, and there is no evidence in the record linking Eschweiler to either 2626 N. Lakeview or 350 W. Oakdale on the date the notice of deficiency was sent.

In his submission to this court, Eschweiler argues that the IRS neither sent the notice to his last known address nor exercised reasonable diligence in attempting to ascertain this address as a matter of law. Given the record before us, we are unable to agree with this assertion. Nevertheless,

we are also not able to agree with the district court's conclusion that the entry of summary judgment in favor of the government was appropriate. In our view, given the record in its present state, there is a genuine issue as to whether the IRS sent the notice of deficiency to plaintiff's last known address or exercised reasonable diligence in attempting to ascertain this address. In particular, the record is devoid of information on important issues such as Eschweiler's relationship to 2626 N. Lakeview on October 2, 1984, the circumstances surrounding the forwarding of the deficiency notice to 350 W. Oakdale (e.g., had Eschweiler notified the post office to forward his mail to this address), the nature of the conversation between Mogul and Plekovic, the extent of Plekovic's investigation of Eschweiler's whereabouts, whether Plekovic had actual knowledge that the 2626 N. Lakeview address was no longer accurate and the possibility that Eschweiler actually received or intentionally avoided receiving the notice of deficiency. Accordingly, we reverse the district court's entry of summary judgment in favor of the government and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.