**Andrew ESCHWEILER,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 91–1234.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 2, 1991.
Decided Oct. 17, 1991.

Donald V. Morano (argued), Chicago, Ill., for plaintiff-appellant.

William T. Clabault, Michele M. Fox, Asst. U.S. Attys., Crim.Div., Chicago, Ill., Gary R. Allen, Debra J. Stefanik, Gilbert S. Rothenberg, Teresa McLaughlin (argued), Alexandra E. Nicholaides, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for defendant-appellee.

Before BAUER, Chief Judge, and CUMMINGS and WOOD, Jr., Circuit Judges.

PER CURIAM.

Andrew Eschweiler appeals from a judgment for the defendant, Internal Revenue Service ("IRS"), entered upon cross motions for summary judgment. We affirm.[1]

## BACKGROUND

In May of 1984, Eschweiler was charged with federal narcotics violations. Eschweiler's brother posted a $50,000.00 bond, naming Eschweiler as the recipient

---

1. The government filed a "Motion to Strike Appellant's Reply Brief." This court strikes from appellant's reply brief any statements and argu- ment relating to appellant's allegation that Plekavic's second declaration does not exist in the record.

of the bond proceeds. Also in 1984, the IRS conducted an investigation concerning Eschweiler's 1983 tax liability. The investigation revealed that Eschweiler had failed to report his income for 1983. The IRS concluded that Eschweiler was concealing his assets, thereby rendering collection doubtful. On August 30, 1984, the IRS made a jeopardy assessment under 26 U.S.C. § 6861(a), and filed a notice of levy on the bail bond.

On October 2, 1984, the IRS sent Eschweiler a notice of deficiency for the 1983 tax year pursuant to 26 U.S.C. § 6861(b).[2] Prior to sending the deficiency notice, IRS Agent Plekavic, contacted the FBI to obtain Eschweiler's address because he knew that Eschweiler was out on bond. The FBI told Plekavic that Eschweiler lived at 2626 North Lakeview in Chicago. This address coincided with the most current address on file with the IRS.[3] Plekavic also obtained a copy of the lease for the 2626 North Lakeview apartment. The lease indicated that Eschweiler rented an apartment at that address in 1982, but that the lease expired in April of 1984.

Plekavic then contacted Edward Mogul, Eschweiler's attorney for the narcotics charge, and told him that the IRS was conducting an investigation into Eschweiler's 1983 tax liability and that he wished to speak to Eschweiler. Mogul responded that Eschweiler would contact him after he retained tax counsel. After two weeks passed, Plekavic again contacted Mogul and asked to speak to Eschweiler. This time, Mogul told Plekavic that he advised Eschweiler to assert his Fifth Amendment rights and not to speak to any IRS representative because of the pending criminal charges against him. Plekavic did not ask Mogul for Eschweiler's address during either conversation.

On October 2, 1984, the IRS mailed a notice of deficiency by certified mail to the 2626 North Lakeview address. Two months later, that envelope was returned to the IRS. It was stamped "Forwarded," the 2626 North Lakeview address was crossed out by hand, and a handwritten address of "350 West Oakdale" was substituted. The envelope was also stamped "Unclaimed." At his deposition, Eschweiler testified that when he moved from 2626 North Lakeview he left a forwarding order with the post office directing his mail to his friend's home at 350 West Oakdale in Chicago. Eschweiler stated that he occasionally picked his mail up at that address. On one such occasion, he received a notice indicating that an article of certified mail was being held for him at the post office, but when he went to claim the article, the post office informed him that it had been returned to sender. Eschweiler never actually received the notice of deficiency. At the time the IRS sent the notice of deficiency, Eschweiler resided with his parents in Milwaukee, Wisconsin.

In January of 1986, Eschweiler filed an action pursuant to 26 U.S.C. § 6213(a) seeking to enjoin the IRS from enforcing the levy on the bail bond. Eschweiler asserted that the IRS's failure to send the deficiency notice to his last known address within the meaning of 26 U.S.C. § 6212 rendered the jeopardy assessment invalid. The parties both filed motions for summary judgment. The district court held that the IRS complied with its statutory obligations and granted summary judgment in favor of the IRS. 696 F.Supp. 326 (1988). Eschweiler appealed. This court reversed and remanded, holding that a genuine issue of fact existed as to whether the IRS sent the notice of deficiency to Eschweiler's last known address or exercised reasonable diligence in attempting to ascertain this address. *See Eschweiler v. United States*, 877 F.2d 634, 637 (7th Cir.1989) (listing issues upon which the record was devoid of

---

**2.** 26 U.S.C. § 6861(b) provides:

If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under § 6212(a), then the Secretary shall mail a notice under such subsection within 60 days after the making of the assessment.

**3.** Eschweiler last filed a tax return in 1980. The record indicates that in 1980, Eschweiler lived at 1055 West Hollywood in Chicago. On appeal, however, Eschweiler does not dispute the IRS's contention that the address the FBI gave Plekavic, 2626 North Lakeview, matched the most recent address for Eschweiler in its file.

information).[4] On remand, the district court again faced with cross motions for summary judgment, ruled in favor of the IRS, holding that it sent the notice of deficiency to Eschweiler's last known address and exercised due diligence in obtaining that address. Eschweiler appeals.

## ANALYSIS

■ We review the district court's grant of summary judgment *de novo*. *Goulding v. United States*, 929 F.2d 329, 331 (7th Cir.1991). "The party moving for summary judgment 'bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law.... Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.'" *Id.* (citations omitted).

■ The question presented by this case is whether the IRS complied with its statutory obligation to send notice of the deficiency assessment to Eschweiler's last known address. *See* 26 U.S.C. § 6212. A taxpayer's last known address is the one where "the Commissioner reasonably believes the taxpayer wished to be reached at the time the notice of deficiency was sent." *Goulding*, 929 F.2d at 331, *citing Eschweiler*, 877 F.2d at 636. The IRS need only exercise reasonable diligence in attempting to discover the taxpayer's last known address. *Eschweiler*, 877 F.2d at 636, *citing McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir.1981). This court has recently reiterated its holding that in discharging its obligation, the IRS

may rely on the "address found in the return being audited, unless there is 'clear and concise notification from the taxpayer directing the Commissioner to use a different address.'" *Goulding*, 929 F.2d at 331 (citations omitted).[5] Moreover, if the taxpayer wishes to have IRS correspondence sent to a different address, it is his burden to notify the IRS of this desire. *Goulding*, 929 F.2d at 331. In short, in determining whether the IRS exercised reasonable diligence, courts focus on the information the IRS possesses at the time it mails the notice of tax deficiency. *See Pomeroy v. United States*, 864 F.2d 1191, 1194 (5th Cir.1989) ("focus is on the information available to the IRS at the time it issued the notice of deficiency"); *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir.1985) ("relevant inquiry pertains to the IRS's knowledge rather than to what may in fact be the taxpayer's most current address in use").

■ Eschweiler argues that the notice of deficiency should have been sent to his parents' address in Milwaukee and that the IRS failed to exercise due diligence in obtaining that address. The IRS counters that it mailed the notice of deficiency to the most current address in its file and that if Eschweiler wished to have IRS correspondence sent to a different address, it was his responsibility to notify the IRS of that desire.

The focus of this court's inquiry is what information the IRS had available to it at the time it mailed the deficiency. In this case, the IRS was investigating Eschweiler's liability for the 1983 tax year. Es-

---

**4.** This court found the record devoid of information as to:

> Eschweiler's relationship to 2626 N. Lakeview on October 2, 1984, the circumstances surrounding the forwarding of the deficiency notice to 350 W. Oakdale (e.g., had Eschweiler notified the post office to forward mail to this address), the nature of the conversation between Mogul and Plekavic, and the extent of Plekavic's investigation of Eschweiler's whereabouts, whether Plekavic had actual knowledge that the 2626 N. Lakeview address was no longer accurate, and the possibility that Eschweiler actually received or intentionally avoided receiving the notice of deficiency.

**5.** While this circuit states that the IRS may use the address on the "return being audited," other circuits hold that the taxpayer's last known address is the address which is listed on his most recent tax return. *See Ward v. C.I.R.*, 907 F.2d 517, 521 (5th Cir.1990) (presumption of reasonable diligence exists when the IRS mails deficiency notice to address listed on taxpayer's most recent return, unless the taxpayer gives the IRS clear and concise notice of an address change). *See also Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir.1985). However, this court has held that subsequently filed returns are relevant, although not dispositive, in determining a taxpayer's last known address. *McPartlin*, 653 F.2d at 1190.

chweiler had not filed a tax return since 1980. Consequently, the IRS did not have a 1983 return from which to obtain his last known address. *See Goulding*, 929 F.2d at 331. Additionally, the record reveals that in 1980 Eschweiler resided at 1055 West Hollywood in Chicago. Nevertheless, the record indicates that 2626 North Lakeview was the most current address for Eschweiler in the IRS's file and that this address was confirmed by the FBI. Plekavic's affidavit is uncontested on this point. The record also indicates that the lease for the 2626 North Lakeview apartment expired in April of 1984.

Although the IRS took additional steps to confirm Eschweiler's most current address, under the current case law, these steps were unnecessary. In discharging its burden of reasonable diligence, the IRS is entitled to use those documents submitted to it by the taxpayer. *Goulding*, 929 F.2d at 331 (IRS may rely on address appearing on the tax return it is auditing, absent clear and concise notification from the taxpayer of an address change). Here, the IRS sent the notice of tax deficiency to the most recent address for Eschweiler in its file. *See Rappaport v. United States*, 583 F.2d 298, 300–01 (7th Cir.1978) (most current address available in IRS's files constituted taxpayer's last known address). If Eschweiler wanted the IRS to send its correspondence to him at his parents' home in Milwaukee, it was his obligation to give the IRS "clear and concise" notification of this desire. *Goulding*, 929 F.2d at 331. The record reveals that Eschweiler made no attempt, through correspondence or otherwise, to notify the IRS that he wished communications to be mailed to his parents' address in Milwaukee rather than the 2626 North Lakeview address.

■ Plekavic's independently gained knowledge that Eschweiler was out on bond and that the lease for the 2626 North Lakeview apartment had expired does not amount to "clear and concise" taxpayer notification.[6] *Compare McPartlin*, 653 F.2d at 1189 (listing information before IRS which amounted to "clear and concise" notification that taxpayer had moved). Indeed, after Eschweiler moved from 2626 North Lakeview, he directed the post office to forward his mail to his friend's residence at 350 West Oakdale, indicating that he still intended to receive mail at that address. The notice was forwarded to that address and would have been received by Eschweiler, but for his failure to claim the notice at the post office in a timely manner. *See Lewin v. Comm'r*, 569 F.2d 444, 447 (7th Cir.1978).

■ Moreover, the fact that the IRS did not take steps to ascertain Eschweiler's address after the notice of deficiency was returned to the IRS unclaimed does not bolster Eschweiler's argument that the IRS failed to exercise reasonable diligence in obtaining his address. Section 6212 requires only that the notice of deficiency be mailed to the taxpayer's last known address, not that he actually receive the document. *Rappaport*, 583 F.2d at 301; *Lewin*, 569 F.2d at 447; *see also Pomeroy*, 864 F.2d at 1195; *King v. C.I.R.*, 857 F.2d 676, 681 (9th Cir.1988). Thus, a court's focus is on the information available to the IRS when it mailed the notice of deficiency in determining whether the government exercised reasonable diligence. *See Pomeroy*, 864 F.2d at 1195; *King*, 857 F.2d at 681. Moreover, "[n]othing in [section 6212] suggests that the IRS is obligated to take

6. Eschweiler argues, without support, that a duty of greater diligence arose when Plekavic learned that the 2626 North Lakeview lease had expired. For reasons explained in this opinion, this argument is without merit. Even so, Plekavic's uncontested affidavit reveals that the IRS exercised due diligence in attempting to ascertain Eschweiler's last known address. First, Plekavic confirmed the most recent address the IRS had in its file for Eschweiler with the FBI. Then, Plekavic obtained a copy of Eschweiler's lease for the premises of 2626 North Lakeview.

After Plekavic learned that the lease had expired, he contacted Mogul, Eschweiler's criminal attorney. Mogul told him that Eschweiler was retaining tax counsel and that he would get back to him. When Plekavic did not hear from Eschweiler, he called Mogul again. Mogul informed Plekavic that he had advised Eschweiler to plead the Fifth Amendment and not talk to any IRS agents. Under these circumstances, it was reasonable for Plekavic not to "point blank" ask Mogul for Eschweiler's home address.

**50**

additional steps to effectuate delivery if the notice is returned...." *King*, 857 F.2d at 681; *see also Lewin*, 569 F.2d at 447 ("[t]o assert that respondent, having once properly mailed notice to the taxpayer, has a further duty of providing actual notice ... is clearly contrary to the statute and prior decisions of this court"). Consequently, the IRS, having mailed the notice to Eschweiler's last known address, was not further obligated to exercise reasonable diligence once the notice had been mailed.

## CONCLUSION

The IRS properly mailed the notice of tax deficiency to Eschweiler's last known address. Accordingly, the district court's grant of summary judgment in favor of the IRS is

AFFIRMED.