**In re ONE HUNDRED SIXTEEN THOUSAND TWO HUNDRED FIFTEEN DOLLARS IN UNITED STATES CURRENCY.**

No. EV 93–148–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Jan. 19, 1994.

Dennis Brinkmeyer, Evansville, IN, for One Hundred Sixteen Thousand Two Hundred Fifteen Dollars in U.S. Currency.

Donna R. Eide, U.S. Atty., Indianapolis, IN, for the U.S. DEA.

### MEMORANDUM

BROOKS, District Judge.

This matter comes before the Court on Robert Smith's Motion for Return of Property. Smith argues that DEA failed to make a reasonable attempt to notify him. The Court agrees.

The facts of this case are not in dispute and the Court adopts the Government's recitation as presented in its Opposition to Petitioner's Rule 41 Motion.

On March 12, 1993 Evansville Police Department Officers seized $116,215.00 in cash from Robert D. Smith. [Declaration of DEA Special Agent Larry Lillig (hereinafter "LD"), Par. 1] On March 24, 1993, the Vanderburgh Prosecutor obtained a "Turn Over Order" signed by the Vanderburgh Circuit Court Judge and filed with the clerk's office, authorizing the Evansville Police Department to deliver the seized currency to the Drug Enforcement Administration for commencement of asset forfeiture proceedings. [LD Par. 2, Ex A] On March 24, 1993, DEA adopted the seizure of the currency [LD Par. 3]

By letter dated April 13, 1993, Smith's attorney was notified by Vanderburgh County Deputy Prosecutor Daniel R. Miller that the currency had been given to DEA for commencement of forfeiture proceedings. [Ex A to Smith's Motion for Return of Property]

DEA Special Agent Lillig prepared the papers required to commence a forfeiture proceeding, including a form containing the last known address of Robert Smith, 6241 E. 20th Street, Tucson, Arizona. [LD Par. 5] That address was obtained from a variety of sources, including a bail bond verification form dated March 17, 1993, signed by Smith to obtain his release from the Vanderburgh County court; a "Motel 6" registration receipt that Smith had in his possession at the time of his arrest; and a National Crime Information Center report. [LD Par. 5a] The information on the bail bond verification was provided by Smith to a Vanderburgh County court official during an interview. [LD Par. 5a] Agent Lillig also obtained the address 3334 W. Wilshire Apt. # 37, Phoenix, Arizona 85003 from a Dun and Bradstreet Business Information Report; from a personal notebook taken from Smith at the time of his arrest; and from a 1992 "AMVETS" card taken from Smith at the time of his arrest. [LD Par. 7]

Smith was released from the Vanderburgh County jail on a $20,000.00 cash bond on March 19, 1993. [LD Par. 2]

On April 16, 1993, the Drug Enforcement Administration, Asset Forfeiture Section (DEA/AFS) office in Washington, D.C. obtained the form completed by Lillig. [Declaration of William Snider (hereinafter "SD") Par. 4] On April 25, 1993, DEA/AFS personnel mailed to Smith at the Tucson address by certified mail, return receipt requested, postage prepaid, a notice of seizure of the $116,215.00. [SD Par. 4(b)] The mailing was returned to DEA on May 8, 1993, marked "unclaimed". [SD Par. 4(b)] Notice of the seizure was also published by DEA in USA Today, a newspaper of general circulation, for three successive weeks, on May 5, 12, and 19, 1993. [SD Par. 4(c) Ex B]

Both the notice mailed to Smith at his last known address and the notice published in USA Today advised Smith of the

seizure and his options in contesting the forfeiture action. [SD Par. 4(c)] The publication states that the last day to contest the forfeiture was May 25, 1993. [SD, Ex 3]

Because the mailing to Smith was returned unclaimed, DEA/AFS obtained an additional address for Smith from Special Agent Lillig. [SD Par. 4(d); LD Par. 7] On June 8, 1993 another notice of seizure letter was mailed by certified mail to "Robert Dewayne Smith" at 3334 W. Wilshire, Apt. # 37, Phoenix, Arizona 85003. The letter was returned to DEA marked "Returned to Sender–Vacant". [SD Par. 4(d)] In addition, on June 8, 1993, a second notice letter was mailed to Smith at 6241 E. 20th Street, Tucson Arizona 85711. [SD Par. 4(e)] This letter was also returned to DEA/AFS marked "unclaimed". The time within which to file a claim was extended by DEA an additional 20 days. DEA did not receive a claim from Smith to the currency. [SD Par. 4(e)]

On August 5, 1993, as a result of no claim having been received and the time limit for filing a claim having expired, the currency was forfeited to the United States pursuant to 21 U.S.C. 881, 19 U.S.C. 1607–1618 and 28 C.F.R. 9.1–9.7.

Government's Opposition to Petitioner's Rule 41 Motion at 2–5.

Despite DEA's efforts, it was not reasonable for DEA to have failed to attempt to contact Robert Smith through the Vanderburgh County Courts. The seized assets were obtained from the Vanderburgh County Courts where proceedings continued against Robert Smith. Despite DEA's arguments that they followed their administrative rules, Due Process requires a reasonable attempt to notify. Where, as here, specified administrative methods failed to produce actual notice and where DEA knew of a reasonable means of notifying Smith, DEA is required by Due Process to utilize those reasonable means.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, *under all the circumstances*, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

\*   \*   \*   \*   \*   \*

The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (emphasis added). Here, one desirous of actually informing Robert Smith would reasonably have attempted to contact him through the court proceedings from which the seized assets were obtained before forfeiting those assets.

Two cases cited by the Government fail to support its argument that it acted reasonably. *Eschweiler v. United States*, 877 F.2d 634 (7th Cir.1989) is not analogous because it dealt with the question of what were reasonable efforts to determine a person's last known address. Here, Smith does not dispute that DEA reasonably determined his last known address; the question is whether Due Process requires more than publication after DEA discovered that notice sent to that address was ineffective in notifying Smith.

*Sarit v. U.S. Drug Enforcement Administration*, 987 F.2d 10 (1st Cir.1993) is also distinguishable. Central to that decision was Sarit's filing of a 41(e) motion to which resulted in a Government brief which informed Sarit of the seizure, of the administrative number of the case, and of Sarit's right to challenge the seizure at any time without awaiting further notice. None of this is true here. Here, the letter from the Vanderburgh County Prosecutor's Office failed to notify Smith of any of these details and merely stated that jurisdiction had been transferred to DEA.

The *Sarit* Court stated that "the call is a close one." *Sarit* at 14. If *Sarit* was close but adequate notice, then the absence of notice in the form of an answer brief opposing a 41(e) motion prior to forfeiture is sufficient to place this case clearly on the other side of the Due Process line.

For the forgoing reasons, the Court holds that DEA failed to make a reasonable effort to notify Smith. Smith will therefore be

granted the right to challenge the seizure as explained in the Notice of Seizure attached to the Government's Opposition to Petitioner's Rule 41(e) Motion. The date of the Order shall serve as the beginning date for all limitations periods referenced in the Notice of Seizure.