OLLIE B. ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 14378-93
United States Tax Court
T.C. Memo 1994-365; 1994 Tax Ct. Memo LEXIS 377; 68 T.C.M. (CCH) 291; August 2, 1994, Filed *377 An appropriate order of dismissal for lack of jurisdiction will be entered. For petitioner: John C. King. For respondent: Bruce K. Meneely. PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: This matter is before the Court on petitioner's motion to restrain assessment and collection and respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by law. Petitioner concedes that, if respondent's motion is granted, then his motion becomes moot. Respondent determined a deficiency in petitioner's Federal income tax for the year 1988 in the amount of $ 14,157 and additions to tax under section 6653(a)(1)(A) in the amount of $ 708, under section 6651(a) in the amount of $ 1,324, and under section 6661(a) in the amount of $ 3,309. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the pertinent years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT An evidentiary hearing was held in Oklahoma City, Oklahoma, in October of 1993. Based on that evidentiary hearing and the parties' stipulations *378 of fact and the exhibits attached thereto, the facts are found as follows: Petitioner Ollie B. Adams resided in Garden City, Kansas, at the time the petition was filed in this case. Petitioner filed his Federal income tax return for 1988 on November 22, 1989, showing an address of 109 Beard, Dumas, Texas 79029. Petitioner's 1989 Federal income tax return showed the same address except that the number was listed as 1009 Beard, Dumas, Texas 79029. Petitioner signed his Federal income tax return for 1990 on March 6, 1991, and filed it shortly thereafter. The 1990 return reflected his home address as 1905 Melody Lane S.W., Ardmore, Oklahoma 73401 (the Melody Lane address). The Melody Lane address in Ardmore, Oklahoma, was a five-bedroom house that was rented by petitioner's son, Anthony Quinn Adams (Quinn). That house was rented for 6 months for the period from November 1, 1990, through April 30, 1991. Petitioner and Quinn were truck drivers, owned several trucks, and conducted business under the name of Adams Trucking. The Melody Lane address was printed on the checks for Adams Trucking. Petitioner moved from the Melody Lane address in March or very early April of 1991, *379 moving to an address at 102 Elm Ave., Dumas, Texas 79029. Petitioner did not notify respondent, in any manner, that he had moved or that he had a new address. Quinn filled out a change of address card with the U.S. Postal Service in Ardmore, Oklahoma, with a forwarding address for the Adams family of 102 Elm Ave., Dumas, Texas 79029. In early April of 1991, the Postal Service forwarded at least three pieces of mail to petitioner at the Dumas, Texas, address pursuant to that forwarding order. On June 7, 1991, respondent sent a letter to petitioner at the Melody Lane address. The letter concerned the audit of petitioner's 1988 income tax return and requested information about certain omitted items of income. [1] Petitioner did not respond to the letter and did not discuss the audit of his 1988 income tax return with respondent at any time prior to the issuance of the notice of deficiency. *380 Sometime in September or early October of 1991, petitioner moved from the 102 Elm Ave., Dumas, Texas 79029 address to Garden City, Kansas. Petitioner did not notify respondent of that new address, and the record does not show whether or not he filled out a change of address card with the U.S. Postal Service in Dumas, Texas, for a forwarding order to the new address in Garden City, Kansas. See infra note 4. On December 12, 1991, respondent sent, by certified mail, a notice of deficiency to petitioner at the Melody Lane address. When respondent mailed the December 12, 1991, notice of deficiency, the Melody Lane address was petitioner's "last known address" within the meaning of section 6212(b). [2] On December 18, 1991, the notice of deficiency was returned to respondent by the U.S. Postal Service. The envelope in which the notice of deficiency was mailed bore the notations "Returned to Sender, Attempted, Not Known" and "FOE". The first notation was a stamped notation and the "FOE" was a handwritten notation. The notation "Returned to Sender, Attempted, Not Known" means that the Postal Service carrier attempted delivery and was told at the point of delivery that the addressee *381 did not live there. The notation "FOE" normally means forwarding order expired. In April of 1991, there was a change of address card (a forwarding order) on file with the U.S. Postal Service in Ardmore, Oklahoma, for the Adams family, whereby mail was being forwarded to 102 Elm Ave., Dumas, Texas 79029. A change of address card is usually in effect for 1 year, and after that 1-year period the U.S. Postal Service will, for an additional 6 months, return the mail to the sender but will note the new address on the envelope. [3] The forwarding order on file with the U.S. Postal *382 Service in Ardmore, Oklahoma, should have been effective in December of 1991, when the notice of deficiency was mailed to petitioner, and should have resulted in the notice's being forwarded to the Dumas, Texas, address. The U.S. Postal Service made a mistake when it failed to forward the notice of deficiency to the Dumas, Texas, address and returned it instead to respondent with the notation "FOE". [4]
*383 Upon return of the undelivered notice of deficiency, respondent's agent searched the Internal Revenue Service (IRS) computer records for other possible addresses. This search confirmed petitioner's last known address to be the Melody Lane address in Ardmore, Oklahoma, the address shown on petitioner's then most recently filed return, the 1990 return filed in March of 1991. Respondent did not remail the notice of deficiency to petitioner. On May 11, 1992, respondent assessed the deficiency in income tax and the additions to tax for 1988. On July 6, 1993, petitioner filed his petition in this Court and filed his motion to restrain assessment and collection. On August 9, 1993, respondent filed the present motion to dismiss for lack of jurisdiction. On September 7, 1993, petitioner filed an objection thereto. Petitioner has been afforded an evidentiary hearing in regard to the facts and circumstances surrounding respondent's mailing of the notice of deficiency and the U.S. Postal Service's handling of the same. The Court also afforded the parties an opportunity to supplement the record after the hearing and to file opening and reply briefs. OPINION This Court has jurisdiction *384 in a deficiency case only if there has been a validly issued statutory notice of deficiency and a timely filed petition. Secs. 6212 and 6213; Rules 13 and 20; Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Logan v. Commissioner, 86 T.C. 1222, 1226 (1986); Frieling v. Commissioner, 81 T.C. 42, 46 (1983). Respondent argues that the petition was not timely filed under section 6213(a). Petitioner argues that the notice of deficiency itself was invalid because he never received it until shortly before he filed his petition. [5]
*385 To constitute a validly issued notice of deficiency, respondent must send the notice by certified or registered mail and must duly deposit it with the U.S. Postal Service. Sec. 6212(a); Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Under section 6212(b)(1), a notice of deficiency is deemed sufficient if it is mailed to the taxpayer at his or her "last known address". Section 6212 and the regulations promulgated thereunder do not define a taxpayer's "last known address". This Court has defined it as "the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent." Frieling v. Commissioner, 81 T.C. at 49. Thus, the relevant inquiry becomes respondent's knowledge of the address to which a notice should be sent rather than what may in fact be the taxpayer's most current address. Id. Furthermore, it is the taxpayer's obligation to notify the Internal Revenue Service (the IRS) of any changes of address. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); *386 Pyo v. Commissioner, 83 T.C. 626, 636 (1984). The IRS is entitled to rely on the address shown on the taxpayer's most recent tax return unless the taxpayer satisfies his burden to provide clear and concise notice of his most current address to the IRS. Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985). "'Clear and concise' notice is notice by which the taxpayer indicates to the IRS that he wishes the new address to replace all old addresses in subsequent communication." (Emphasis in original.) Id. Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, the address on the taxpayer's most recently filed tax return is his or her "last known address". Abeles v. Commissioner, 91 T.C. at 1035. There is no dispute in this case that the notice of deficiency was mailed to petitioner's last known address. See supra note 2. However, petitioner asserts that he did not receive this notice and did not know of the 1988 deficiency until July of 1993. Petitioner questions who bears the burden for a misdirected notice *387 of deficiency, especially when the fault lies with the U.S. Postal Service and purportedly not with petitioner. He urges that, since the U.S. Postal Service made an error in not forwarding the notice to the Dumas, Texas, address, respondent should bear this burden. The statute, however, does not support petitioner's position. Section 6212(b)(1) provides a safe harbor to protect respondent even if the taxpayer does not receive the statutory notice of deficiency: the notice of deficiency is valid, even if the taxpayer does not receive it, if respondent mailed the notice to the taxpayer's last known address. Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992); Frieling v. Commissioner, 81 T.C. at 48. Respondent must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address, but she is entitled to rely on the address appearing on the taxpayer's latest tax return absent clear and concise notification from the taxpayer of a different address. King v. Commissioner, 857 F.2d 676, 679-680 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); *388 Abeles v. Commissioner, 91 T.C. at 1033, 1035. Here respondent used the address appearing on petitioner's then most recently filed return, which petitioner agrees was his "last known address". Once respondent has mailed the notice of deficiency to petitioner's last known address, that is all that is required, and respondent's reasonable care and due diligence obligation has been satisfied: Under I.R.C. sec. 6212(b), validity of the notice turns on whether the IRS used the last known address when the notice was mailed. Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned; indeed, a notice mailed to the last known address is sufficient even if it is never received. * * * [Emphasis in original.]
King v. Commissioner, 857 F.2d at 681. The United States Court of Appeals for the Tenth Circuit, to which any appeal in this case would lie, recently stated in Armstrong v. Commissioner, 15 F.3d 970, 975 (10th Cir. 1994), affg. T.C. Memo. 1992-328, that "We agree with the Fifth, *389 Seventh, and Ninth Circuits, as well as the Tax Court, that the IRS's duty to exercise reasonable diligence in ascertaining a taxpayer's last known address extends only to the point in time when the deficiency notice is mailed." See also King v. Commissioner, 857 F.2d at 681; Eschweiler v. United States, 946 F.2d 45, 49-50 (7th Cir. 1991); Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989); Monge v. Commissioner, 93 T.C. 22, 33-34 (1989). Here respondent not only mailed the notice of deficiency to petitioner's last known address, but when the notice was returned by the U.S. Postal Service, respondent's representative checked the IRS computer system to verify that that was indeed the latest address shown for petitioner. [6]
*390 Despite the fact that the evidence shows, and respondent admits, that the U.S. Postal Service made a mistake in not forwarding the notice to the Dumas, Texas, address, there is no relief for petitioner under the case law or the statutory language of section 6212. The filing of a forwarding order with the U.S. Postal Service is not a clear and concise notification to the IRS of petitioner's change of address. Selman v. Commissioner, T.C. Memo. 1991-122. Petitioner did not notify respondent of the Dumas, Texas, address but merely relied upon the U.S. Postal Service to forward to that address all mail addressed to the Melody Lane address. See also supra note 4. In so doing, petitioner bore the risk of any failure of the U.S. Postal Service to properly forward such mail. A notice of deficiency that is mailed in conformity with section 6212(b)(1) to the taxpayer's last known address is valid, and "Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned". King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988). The notice in this case was *391 returned to respondent and placed in the administrative file. Moreover, respondent conducted another search of the IRS computer files and again found petitioner's undisputed last known address, the same address to which the notice originally had been sent. The error of the U.S. Postal Service cannot be imputed to the IRS absent a showing that the IRS did not fulfill its due diligence obligation. Respondent satisfied her due diligence obligation in this case. The notice of deficiency is valid. Respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed must be granted. [7] Petitioner's motion to restrain assessment and collection is moot. *392 To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Petitioner claims that he never received that letter, but the Court is satisfied that he knew something about his 1988 tax problem by late 1991 or early 1992. He knew that the refunds claimed on his 1989 and 1990 returns had been held up because of his tax problem, and he learned that sometime after moving from Dumas, Texas, to Garden City, Kansas, in September or early October of 1991.↩
2. The parties have so stipulated and agreed. While such a stipulation could be viewed as a legal conclusion which the Court could disregard, the facts of record amply support the stipulation. The Melody Lane address was the address shown on petitioner's then most recently filed return (the 1990 return filed in March of 1991); it was the latest address shown in the IRS computer files; petitioner had not notified the IRS of any different address.↩
3. The postmaster of Ardmore, Oklahoma, testified at the hearing that a change of address card is good for 1 year and that, at the end of the 1 year, the Postal Service will return mail to the sender with the correct address noted on it and stamp the article "Forwarding Order Expired, Moved, Not Forwardable". There is then a subsequent period of time during which the Postal Service will return mail marked as no forwarding order. After 18 to 24 months, the records are expunged, and no record of the change of address remains. By the time of the hearing in this case, the pertinent change-of-address records for 1991 had been destroyed.↩
4. We do not speculate as to what might have occurred had the notice of deficiency reached the U.S. Postal Service in Dumas, Texas, since petitioner was actually living in Garden City, Kansas, by that time. Neither party has addressed, in requested findings or on brief, petitioner's move in September or early October of 1991 to Garden City, Kansas. This is probably due to the fact that petitioner kept changing his argument as to exactly when he resided at the Melody Lane address, and the documentary evidence that finally established that period of residence was submitted to the Court after the hearing, the Court having kept the record open for that purpose. While the testimony of both petitioner and Quinn was quite vague as to dates and whether the events happened in 1990, 1991, or 1992, the sequence and duration of petitioner's moves were clear. Also the rental agreement and the canceled rent checks clearly fixed the Melody Lane rental period as November 1990 to April 30, 1991. Thus petitioner's odyssey was as follows: He lived in Garden City, Kansas, where he owned a house that he retained throughout the subsequent periods; he moved to Dumas, Texas (109 or 1009 Beard); from November 1990 through March or April 1991, he lived with Quinn at the Melody Lane house in Ardmore, Oklahoma; petitioner then moved back to Dumas, Texas (102 Elm Ave.), where he lived for 6 months, which would bring him up to September or early October of 1991; he then moved back to his house in Garden City, Kansas, where he still lived at the time of the hearing. Both parties have ignored this subsequent move back to Garden City, Kansas, and the Court will do the same, since the outcome of the case will be unchanged.↩
5. Although petitioner has not cross moved for dismissal on that basis, an invalid notice of deficiency would also result in a dismissal for lack of jurisdiction but with a different legal result from that of an untimely petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Keeton v. Commissioner, 74 T.C. 377, 379 (1980); O'Brien v. Commissioner, 62 T.C. 543, 548↩ (1974).
6. Ignoring this fact and the case law in the Tenth Circuit, petitioner relies instead upon Powell v. Commissioner, 958 F.2d 53 (4th Cir. 1992). However, that case is not only distinguishable on its facts, but properly read does not support petitioner's legal interpretation. In the instant case, unlike the Powell↩ case, respondent satisfied any due diligence obligation, and the address used was admittedly petitioner's last known address.
7. Petitioner is not left without any legal remedy. After full payment of the amount due, he may file a claim for refund with the IRS. If the claim is denied or the IRS fails to take action within 6 months, petitioner may timely file an action for refund with the United States District Court or the United States Court of Federal Claims. Vanderstappen v. Commissioner, T.C. Memo. 1993-109; see also sec. 7422; Fidelity Bank, N.A. v. United States, 616 F.2d 1181, 1182↩ n.1 (10th Cir. 1980).